**UNITED STATES of America, Appellee,**

v.

**Michael J. KOORY, Appellant.**

**No. 93–1792.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1993.

Decided April 1, 1994.

David R. Stickman, Omaha, NE, argued, for appellant.

Michael G. Heavican, Omaha, NE, argued, for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Michael J. Koory appeals the district court's [1] refusal to dismiss a second indictment against him. Koory was originally indicted on one drug charge and one weapon charge. The district court dismissed the first indictment without prejudice, finding that the government had violated the Speedy Trial Act (the Act). See 18 U.S.C. §§ 3161–3174. Koory was reindicted in a three-count drug and weapons indictment. Koory again moved to dismiss, arguing that the district court abused its discretion by refusing to dismiss the first indictment with prejudice. The district court overruled the motion to dismiss the second indictment. Thereafter, the government filed a three-count information against Koory to which he entered a conditional guilty plea. The guilty plea was conditioned upon Koory's right to appeal the district court's denial of his motion to dismiss the second indictment. Koory now appeals, and we affirm the district court's denial of Koory's motion to dismiss the second indictment.

## I. Facts

On March 23, 1990, Nebraska officials arrested Koory at his place of business and charged him with state offenses of possession with intent to distribute cocaine and being a felon in possession of a firearm. Based on the same conduct, a federal grand jury indicted Koory on federal charges. Count I charged Koory with possessing cocaine, with intent to distribute, within 1,000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1) and 845a (now codified at 21 U.S.C. § 860). Count II charged Koory with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Because state and federal officials had been cooperating with regard to the prosecution of drug cases in Douglas County, Nebraska, the state prosecutor had been appointed as a Special Assistant United States Attorney (Special AUSA) to handle the prosecution of federal school zone cases which originated from state inves-

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, adopting the report and recommendation of the then magistrate judge, the Honorable Richard G. Kopf, now United States District Judge for the District of Nebraska.

tigations. Acting in his primary role as a state prosecutor, the Special AUSA dismissed the state charges against Koory after the federal indictment was filed.

On December 31, 1990, Koory filed a motion to dismiss the indictment, alleging a violation of the 70–day time limit of the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). At that time, approximately 129 includable days had elapsed under the Act, and the government conceded that the speedy trial time limits had expired. The parties stipulated that, if called to testify, the Special AUSA would testify that his failure to bring the case to trial within the time limits prescribed by the Act was due to his own negligence, but it was neither intentional nor for the purpose of obtaining a tactical advantage; he simply was unaware that the time limit had expired. The magistrate judge, in a thorough and well-reasoned report and recommendation, recommended that the district court dismiss the indictment without prejudice. The district court adopted the report and recommendation in its entirety and dismissed the indictment without prejudice.

On August 22, 1991, the grand jury returned a second indictment against Koory based on the same conduct that had been the subject of the first indictment. Counts I and II were identical to the counts of the first indictment. The government added count III, charging Koory with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Koory moved to dismiss the second indictment on the ground that the first indictment should have been dismissed with prejudice rather than without prejudice. The district court, on report and recommendation of the magistrate judge, denied the motion, finding that it had previously determined that dismissal with prejudice was not warranted and that there was no evidence of a violation of the Act in the second indictment.

Subsequently, and apparently pursuant to a plea agreement, the government filed a three-count information, charging Koory with

possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) (but not within a school zone), with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a), and with using a firearm in a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Koory entered a conditional plea of guilty to this information.[2] Koory conditioned his plea on his right to appeal the district court's denial of his motion to dismiss the second indictment, which was based upon his claim that the first indictment should have been dismissed with prejudice. The issue on appeal, therefore, is whether or not the district court abused its discretion in refusing to dismiss the second indictment upon Koory's claim that the first indictment should have been dismissed with prejudice.

## II. Discussion

■ The Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of the filing of the indictment or of arraignment, whichever is later. *United States v. Kramer,* 827 F.2d 1174, 1176 (8th Cir.1987); 18 U.S.C. § 3161(c)(1). When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant. *Kramer,* 827 F.2d at 1176; *United States v. Wiley,* 997 F.2d 378, 385 (8th Cir.1993); 18 U.S.C. § 3162(a)(2). Although dismissal is mandatory, the district court has discretion to dismiss the indictment either with or without prejudice, and the Act does not indicate a preference between the two. *United States v. Hamell,* 3 F.3d 1187, 1189 (8th Cir.1993); *Wiley,* 997 F.2d at 385; *Kramer,* 827 F.2d at 1176. In determining whether or not to bar reprosecution, the Act mandates the district court to consider three factors: "(1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal, and (3) the impact of reprosecution on administration of the Act and justice in general." *Kramer,* 827 F.2d at 1176 (citing 18 U.S.C. § 3162).

■ We will not overturn a district court's decision to allow or to bar reprosecution

---

**2.** Koory failed to appear for sentencing on these charges, and the grand jury returned another indictment charging Koory with failure to appear

in violation of 18 U.S.C. § 3146(a)(1). Koory entered an unconditional guilty plea to this indictment, and it is not at issue in this appeal.

absent an abuse of discretion. *Hamell,* 3 F.3d at 1189; *Wiley,* 997 F.2d at 385. The district court must give careful consideration to all of the factors enumerated by Congress and clearly articulate how each is affected by the facts of the case and how each weighs into the court's determination. *United States v. Taylor,* 487 U.S. 326, 336-37, 108 S.Ct. 2413, 2419-20, 101 L.Ed.2d 297 (1988). When reviewing dismissal for a violation of the Act, we have said that "[a]n abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." *Kramer,* 827 F.2d at 1179. The reviewing court's role is not to substitute its judgment for that of the trial court, but to ensure that the purposes of the Act are given effect. *Taylor,* 487 U.S. at 336, 108 S.Ct. at 2419. To this end, "[f]actual findings by a district court are, of course, entitled to substantial deference and will be reversed only for clear error." *Id.* at 337, 108 S.Ct. at 2419-20. Thus, "when the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed." *Id.* We consider in turn each factor of 18 U.S.C. § 3162 in relation to the district court's dismissal of the first indictment.

### A. Seriousness of the offenses.

■ The first factor under section 3162 requires us to consider the seriousness of the charged offenses. In the first indictment, the government charged Koory with possession of cocaine with intent to distribute within 1,000 feet of an elementary school and with using and carrying a firearm during and in relation to a drug trafficking crime. *See* 21 U.S.C. §§ 841(a)(1), 860; 18 U.S.C. § 924(c)(1). Koory argues that because only a small amount of cocaine was involved in his criminal conduct the seriousness of the offenses supports a dismissal with prejudice. The amount of cocaine involved in this case was less than 50 grams, but we find that the

district court properly characterized the offenses involved as serious and did not abuse its discretion when it refused to bar reprosecution.

The district court initially noted that on count I, Koory was subject to a maximum term of imprisonment of up to 60 years, a fine of up to $4,000,000, and a 12-year term of supervised release, as provided for in 21 U.S.C. § 841(b)(1)(C) and doubled by the provisions of 21 U.S.C. § 845a (now § 860(a)). On count II, Koory faced a mandatory minimum term of five years of imprisonment and a maximum of 20 years if the government succeeded in showing that this was his second offense involving the use of a gun in a drug-trafficking offense as the government contended. *See* 18 U.S.C. § 924(c)(1). Furthermore, the district court found that Koory "stipulate[d] that the offenses charged are serious ones." (Appellant's Addendum Tab-1 at 24.) Based upon these factors, the district court found that the offenses charged against Koory were serious. Given the length of the applicable minimum and maximum sentences, the fact that it was charged as a second felony drug offense, the proximity to a school, and the defendant's stipulation, we cannot say that the district court abused its discretion in finding that the offenses charged against Koory were serious and favored dismissal without prejudice.

### B. Facts and circumstances leading to dismissal.

Koory argues that the facts and circumstances of the first indictment supported dismissal with prejudice. Koory states that the government's negligence was the sole circumstance leading to dismissal and that the delay was substantial, warranting dismissal with prejudice. Koory also attempted to show prejudice, asserting that he and his family suffered psychological and financial stress due to the delay.

■ Where a violation of the Act is substantial, the government's negligent failure to comply with the Act may justify dismissal with prejudice. *See United States v. Russo,* 741 F.2d 1264, 1267-68 (11th Cir.1984) (be-

cause of substantial violation, negligent failure to comply with Act required dismissal with prejudice); *see also Taylor*, 487 U.S. at 338, 108 S.Ct. at 2420 (truly neglectful attitude on the part of government could be factored against it). The circumstances do not favor dismissal with prejudice, however, where there is no showing that the claimed negligence was in reality an attempt to obtain a tactical advantage for the government or that the government regularly or frequently failed to meet the time limits of the Act. *See Kramer*, 827 F.2d at 1177. Further, "[w]here the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." *Russo*, 741 F.2d at 1267 (several months' delay warranted dismissal with prejudice).

Here, the length of resulting delay was 59 days beyond the 70–day limit. We find that a 59–day delay, while not insubstantial, is not so substantial that dismissal with prejudice is mandated regardless of the other circumstances. *See generally Kramer*, 827 F.2d at 1177–1179 (reversed dismissal with prejudice for 42–day delay, instructing the district court to dismiss the case without prejudice). As a mitigating factor, the district court considered the fact that the Special AUSA, who was not a regular employee of the United States Attorney's office, had day-to-day familiarity with Nebraska law, not federal law, and that his negligence stemmed from genuine confusion over the differences between Nebraska speedy trial law and federal speedy trial law. In Nebraska, the speedy trial limit is six months, and it appears that the time a motion is under advisement is entirely excludable, *see State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983); Neb.Rev.Stat. § 29–1207 (Reissue 1989); whereas under the Act, only 30 days of the time a motion is under advisement is excludable, *see* 18 U.S.C. § 3161(h)(1)(J). The district court found that the delay would be substantially less (a 29–day delay) if the excess time that the motions to suppress were under advisement was entirely excludable as under Nebraska law. The district court stated:

> In summary, it appears that the failure to comply with the Act resulted in large part from a lack of familiarity with the terms of the Act on the part of the special assistant United States Attorney charged with prosecuting these cases, and not purposeful misconduct or a recurrent pattern of ignoring the Act. Accordingly, I conclude that this "[r]andom negligence, while not to be condoned, is less blameworthy than purposeful misconduct or recurrent transgressions, and weighs less heavily in favor of banning reprosecution." *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir.1988).

(Appellant's Addendum Tab–1 at 28.) The district court's findings are supported by the record.

The district court also considered the evidence of prejudice to Koory and his family. The district court found that while Koory and his family had suffered some prejudice due to the anxiety of a lengthy criminal prosecution, the emotional and financial stress suffered was not a result of the speedy trial delay but was that which would ordinarily be suffered by a family as a result of a criminal prosecution. (*Id.* at 34–38.) The district court also noted that Koory had been detained for only a few days and that Koory was not claiming prejudice to his defense in the sense of lost evidence.

Having reviewed the record from the first case and the transcript from the first motion to dismiss, we find that the district court carefully considered all relevant facts and circumstances in the record. Credibility and factual determinations are the province of the district court, and the record supports the district court's conclusion that there was no prejudice to Koory other than what already occurred due to the original filing of criminal charges against him. Although the Speedy Trial Act does not require the defendant to show prejudice as a result of the delay, "a showing of prejudice may be considered in determining whether dismissal should be with or without prejudice." *Kramer*, 827 F.2d at 1178. Koory's failure to show any prejudice from the delay is a circumstance that supports the district court's dismissal without prejudice. We find no clear error in the district court's determination that the facts and circumstances surrounding the first

indictment favored dismissal without prejudice.

#### C. Impact of reprosecution.

Koory argues that the impact of reprosecution on the administration of the Act and on the administration of justice supported dismissing the first indictment with prejudice. He contends that dismissal without prejudice encourages the government to continue in its negligent conduct and needlessly burdens the federal court system by allowing reprosecution. Koory contends that the burden of reprosecution in federal court could be avoided because his case could still be prosecuted in state court.

The district court considered Koory's evidence of the impact of the district court's rapidly expanding criminal docket on the administration of justice (both civil and criminal) and admitted that it has a limited capacity to handle the same criminal case twice. (Appellant's Addendum Tab–1 at 44.) Nevertheless, the court recognized that this case had not yet been tried so reprosecution would not cause a second trial. Further, the pretrial motions had already been heard and decided and could be duplicated with relative ease. (*Id.*) The district court declined to give weight to Koory's contention that the case could be prosecuted in the state system, stating that the choice of forum is a matter of prosecutorial discretion that should not be narrowed by the courts when Congress has specifically created federal jurisdiction. (*Id.* at 29–33.) The district court concluded that, all things considered, "the degree of the adverse impact is not likely to be terribly significant." (*Id.* at 45.)

Reprosecution always involves some element of increased burden on the administration of justice and hinders the Act's goal of swift prosecution, yet the Act does not mandate that every dismissal be with prejudice. *Kramer,* 827 F.2d at 1178. In this case, the impact of reprosecution is minimal and there is no purposeful conduct or pattern of negligence on the part of the government to deter by a dismissal with prejudice. Therefore, we find no clear error in the district court's determination that the impact of reprosecution favored dismissal without prejudice.

We conclude that, in the motion to dismiss the first indictment, the district court gave careful consideration to each factor listed in 18 U.S.C. § 3162 and that the district court's factual findings were not clearly erroneous. Therefore, the district court did not abuse its discretion in dismissing the first indictment without prejudice.

The second motion to dismiss was based upon Koory's claim that the first indictment should have been dismissed with prejudice. Koory did not establish a Speedy Trial Act violation under the second indictment. Because the district court did not abuse its discretion in dismissing the first indictment without prejudice and because there was no speedy trial violation under the second indictment, there was no basis on which to dismiss the second indictment.

### III. Conclusion

Koory demonstrated no speedy trial violation under the second indictment, and the district court did not abuse its discretion in dismissing the first indictment without prejudice. Accordingly, we affirm the judgment of the district court overruling Koory's motion to dismiss the second indictment.