UNITED STATES of America, Appellee,

v.

Jairo CARDONA–RIVERA, Appellant.

UNITED STATES of America, Appellee,

v.

Carlos PATINO, Appellant.

Nos. 94–3962, 95–1302.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided Aug. 23, 1995.

362

Jeffrey J. Rosanswank, Asst. Federal Public Defender, argued, for appellant Cardona–Rivera.

Timothy W. Inman, Ste. Genevieve, MO, argued, for Patino.

Larry Howard Ferrell, Asst. U.S. Atty., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

The cases of Jairo Cardona–Rivera and Carlos Patino are consolidated for our review. The first case is Cardona–Rivera's appeal of the District Court's dismissal of the indictment against him without prejudice. We affirm. In the second case, Patino appeals a two-level enhancement of his sentence pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. We reverse Patino's sentence and remand his case to the District Court for resentencing.

I.

On November 30, 1993, Cardona–Rivera and Patino were charged in a two-count indictment with conspiracy to distribute five kilograms or more of cocaine, and possession with intent to distribute. 21 U.S.C. § 841; 21 U.S.C. § 846. The individual cases of the two men since have taken two distinct paths.

Cardona–Rivera was arraigned on December 2, 1993. Several months later, on November 2, 1994, he filed a motion for dismissal of his indictment citing a violation of the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.* The District Court properly dismissed the indictment against Cardona–Rivera, but dismissed it without prejudice, giving the government an opportunity to reindict Cardona–Rivera and bring him to trial within the statutory time period.

Patino, on the other hand, pleaded guilty to the second count of the indictment. He was sentenced to ten years' imprisonment as a result of a computation which included a two-level enhancement pursuant to § 3C1.1 based on false statements which he had made to a United States Pretrial Services Officer during a November 29, 1993, interview. According to the stipulation of facts, Patino told the officer that he came to the United States approximately thirty years ago, and that he resided in the Bronx area of New York until 1986 or 1987. He also gave the officer false names for his parents and a false country for their residence. Finally, he claimed that he was educated last in a grammar school in Puerto Rico.

The following day, in an interview with an agent of the United States Immigration and

Naturalization Service, Patino recanted the statements made to the presentence officer. He admitted that his birthplace was Palimira, Colombia, that he was educated in Colombia, and that he came to the United States in 1992 and settled in Chicago, Illinois. He also provided the agent with the correct names and addresses of his parents. Despite the fact that Patino thus corrected his false statements, the District Court concluded that the two-level enhancement was appropriate.

We address each of the defendants' appeals in turn.

## II.

Cardona–Rivera contends that the District Court abused its discretion by dismissing his indictment without prejudice.[1] It is undisputed that the government failed to bring Cardona–Rivera to trial within seventy days of his arraignment on December 2, 1993; thus the District Court appropriately dismissed the indictment. The question presented is whether the violation of the Act in this case mandates a dismissal with prejudice.

 The Act requires the government to bring a defendant to trial within seventy days of indictment or of arraignment, whichever is later. If the government fails in this regard, for whatever reason, the district court must dismiss the indictment upon motion of the defendant. *United States v. Taylor*, 487 U.S. 326, 332, 108 S.Ct. 2413, 2417, 101 L.Ed.2d 297 (1988). This dismissal, however, does not necessarily set an accused person free. Rather, the decision to dismiss with prejudice, or to allow reprosecution by dismissing without prejudice, is left to the discretion of the district court. *Id.* at 335, 108 S.Ct. at 2419.

 On appeal, our role is to determine whether the district court's decision to dismiss the indictment without prejudice constituted an abuse of discretion. *United States v. Duranseau*, 26 F.3d 804, 808 (8th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 341, 130 L.Ed.2d 298 (1994). It would be an abuse of discretion if the district court, in reaching its decision, fails to consider relevant factors which should be given significant weight, or if the court considers and gives significant weight to improper factors, or if it considers the proper factors only, but nevertheless commits a clear error of judgment. *Ibid.* The factors to be considered by the district court are delineated in the Act: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *United States v. Kramer*, 827 F.2d 1174, 1176 (8th Cir.1987). The factual findings made by the district court which are relevant to the consideration of these factors will be disturbed for clear error only. *United States v. Hohn*, 8 F.3d 1301, 1303 (8th Cir.1993).

In this case, the District Court addressed each of the factors listed by the Act in its written opinion. First, it concluded that the offenses were serious, and the defendant concedes this point.[2] Next, the District Court considered the second factor, and concluded that the facts and circumstances which led to dismissal favored dismissal without prejudice. Finally, the District Court concluded that reprosecution would not undermine the administration of the Act, but instead would advance the administration of justice.

 We cannot say that the District Court's decision to allow reprosecution was a clear error of judgment. When the crime is serious, the court should dismiss with preju-

---

1. The appellant filed a motion with this court to supplement the record in response to the government's argument that he waived his right to dismissal of the indictment by not moving for dismissal on October 31, 1994, the day the trial was scheduled to begin. The appellant's motion is granted. Because we affirm the District Court's decision to allow reprosecution in this case, we do not address the government's waiver argument.

2. Cardona–Rivera was charged with having possessed and conspired to possess more than five kilograms of cocaine. These crimes carry a possible sentence of life imprisonment with a mandatory minimum sentence of twenty years, a possible fine of $8,000,000, and a minimum period of supervised release of ten years.

dice only for a correspondingly serious or prejudicial delay. *United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir.1984). We estimate that approximately 131 non-excludable days,[3] or sixty-one days beyond the seventy-day limit, passed prior to the day of trial. See *Kramer,* 827 F.2d at 1177 (where the district court failed to calculate the number of non-excludable days, the appellate court extrapolated the number of non-excludable days from the docket). While sixty-one days is a significant delay, it "is not so substantial that dismissal with prejudice is mandated regardless of the other circumstances." *United States v. Koory,* 20 F.3d 844, 848 (8th Cir.1994) (59–day delay does not mandate dismissal with prejudice).

■ The remaining factors do not favor dismissal with prejudice. The facts and circumstances resulting in the dismissal do not show that the government attempted to gain a tactical advantage through delay. Further, there was no evidence that the government regularly failed to meet the Act's time limits. In cases where the government does not seek to enhance its position by delaying the trial, and does not regularly disregard the time limits of the Act, dismissal with prejudice is not favored. *Ibid.* Moreover, the District Court attributed much of the delay in this case to the Magistrate Judge's unwieldy caseload, and to the District Court's own congested calendar. When the delay is not attributable to the government, but to the court, dismissal with prejudice is not favored. *Kramer,* 827 F.2d at 1178.

The final factor to consider, the impact of the reprosecution on the administration of the Act and on the administration of justice, also favors dismissal without prejudice. Since the government was not culpable in the delay, dismissal with prejudice would do little to deter or advance the administration of the Act. See *ibid.* Further, Cardona–Rivera fails to demonstrate how he would be prejudiced by reprosecution. The record indicates that he waited until well after the seventy-day limit to file his motion for dismissal. On the date of the scheduled trial, it was Cardona–Rivera who requested a continuance. He asserts that the potential for prejudice exists because Patino, an alleged co-conspirator, may change his mind and decide not to testify that Cardona–Rivera had no knowledge that drugs were being transported. This is nothing but speculation.

In sum, we conclude that the District Court considered the appropriate factors when deciding whether to dismiss the indictment with or without prejudice, and that the decision to dismiss without prejudice was not a clear error of judgment. The seriousness of the offense, the facts and circumstances surrounding the delay, and the generally favorable impact of reprosecution on the administration of justice, support this conclusion. Thus, the District Court did not abuse its discretion.

### III.

Patino challenges the § 3C1.1 two-level enhancement of his sentence. Section 3C1.1

---

**3.** Cardona–Rivera was arraigned on Dec. 2, 1993, and his trial was scheduled to commence on October 31, 1994, at which time the appellant requested a continuance. On Nov. 2, 1994, the day on which he filed his motion for dismissal, a total of 332 days had passed, and Cardona–Rivera had not been brought to trial. We conclude that the following periods which total 131 days are non-excludable under § 3161(h)(1)(J):

Dec. 2, 1993 through December 8, 1993. Five days passed between the arraignment and the filing of any motions. The government maintains that these days should be excluded. The plain language of the statute, however, states that the seventy-day clock is tolled by the filing of a pre-trial motion. See *United States v. Long,* 900 F.2d 1270, 1274 (8th Cir.1990).

May 2, 1994 through June 19, 1994. The Magistrate Judge held motions under advisement forty-six days beyond the thirty-day excludable period. The government argues that the additional forty-six days during which the Magistrate Judge considered the numerous motions before him should also be excluded. Our cases do not support this position. See *United States v. Koory,* 20 F.3d 844, 848 (8th Cir.1994); *United States v. Driver,* 945 F.2d 1410, 1413 (8th Cir.1991), *cert. denied,* 502 U.S. 1109, 112 S.Ct. 1209, 117 L.Ed.2d 448 (1992); *United States v. DeLongchamps,* 679 F.2d 217, 219–20 (8th Cir.1982) (per curiam).

August 1, 1994 through October 19, 1994. The District Court held motions under advisement for eighty days beyond the thirty-day excludable period. The government does not dispute the fact that this time is non-excludable.

provides for a sentencing enhancement when the "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing" in a particular case. U.S.S.G. § 3C1.1. The enhancement is appropriate when the defendant provides "materially false information to a probation officer in respect to a presentence report or other investigation for the court." *Id.* at application note 3(h). Material information is defined as information which "if believed, would tend to influence or affect the issue under determination." *Id.* at application note 5.

■ Patino claims that the false statements he made to the presentence officer were not material because they did not impede the government's investigation, prosecution, or sentencing, and did not affect the outcome of his bond hearing or sentencing. Patino cites *United States v. Yell,* 18 F.3d 581 (8th Cir.1994), in support of his argument. In *Yell,* the appellant received a § 3C1.1 enhancement for making a false statement concerning the amount of drugs he had distributed. Prior to sentencing, however, the appellant admitted that he had minimized the amount of drugs he had distributed, and provided an accurate accounting of his distribution exploits. A panel of this Court concluded that the recantation rendered the false statements non-material for purposes of § 3C1.1. The panel reasoned that

> [b]ecause the district court was accurately apprised of the amount of cocaine involved at the time of its sentencing determination, we cannot say that the comment to the probation officer was materially false as required for a sentencing enhancement under U.S.S.G. § 3C1.1, application note 3. We conclude the district court erred in enhancing appellant's sentence for obstruction of justice.

18 F.3d at 583.

This case is like *Yell.* Patino retracted his false statements prior to sentencing. The PSI report before the judge contained correct information. In fact, the District Court stated that the false statements did not hinder the prosecution of the offense, and the government stated that the false statements did not impede the investigation. Finally, at oral argument before this panel, the government conceded that this case could not be distinguished from *Yell.*

Under *Yell,* the false statements made by Patino, which were later corrected, could not be considered material for § 3C1.1 enhancement purposes. As a consequence, we must reverse the § 3C1.1 two-level enhancement and remand this case to the District Court for resentencing.

The judgment in Cardona–Rivera's case is affirmed. The sentence in Patino's case is reversed, and the cause remanded for resentencing in accordance with this opinion.

It is so ordered.