_____

No. 95-2794
_____

United States of America,              *
                                       *
          Appellee,                    *
                                       * Appeal from the United States
     v.                                * District Court for the
                                       * District of Minnesota.
Mark Robert Dezeler,                   *
                                       *
          Appellant.                   *

_____

Submitted:  December 12, 1995

Filed:  April 10, 1996
_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

     Mark Robert Dezeler (Dezeler) appeals the district court's order
denying his motion to dismiss his indictment.  Because Dezeler was not
brought to trial within seventy days of his arraignment, as calculated
under the Speedy Trial Act, we reverse and remand.

I.   BACKGROUND

     This case has reached us because apparently no one has taken the time
to do the mathematical calculation mandated by the Speedy Trial Act.
Police in St. Paul, Minnesota, were in pursuit of a robbery suspect when
an officer heard a gunshot.  Following the direction of the shot, the
police officer immediately walked up the driveway of Dezeler's residence.
The officer found Dezeler, who

was carrying a holster, and arrested him as he was entering his house. The police discovered a gun loaded with five rounds of ammunition and one spent round.

Dezeler was charged by a grand jury with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He made his initial appearance on August 12, 1994, and was arraigned on August 17, 1994, at which time he entered a plea of not guilty. Dezeler made several pretrial motions on August 31, 1994. The magistrate judge held a hearing on these motions on September 14, 1994, and took them under advisement as of that date. In an order signed October 24, 1994, the magistrate judge resolved the pending issues. On December 12, 1994, Dezeler's attorney made a motion to withdraw as counsel and the government made an oral motion for a sixty-day continuance. The district court granted both motions in an order signed on December 16, 1994.

In January 1995, Dezeler, through his new attorney, made several motions including a motion to dismiss the indictment for a violation of the Speedy Trial Act. On February 9, 1995, the district court denied Dezeler's motion to dismiss. On the same day, Dezeler entered a conditional plea of guilty, reserving his right to appeal the alleged Speedy Trial Act violation. The district court sentenced Dezeler to twenty-four months incarceration and three years supervised release. Dezeler now appeals the district court's order denying his motion to dismiss the indictment for a violation of the Speedy Trial Act.

## II.  DISCUSSION

Under the Speedy Trial Act (the Act), a federal criminal defendant must be brought to trial within seventy days of the filing of the indictment or of arraignment, whichever is later. 18 U.S.C. § 3161(c)(1); see also United States v. Koory, 20 F.3d 844,

846 (8th Cir. 1994). The Act excludes time spent on certain proceedings from the calculation. 18 U.S.C. § 3161(d) & (h). In the present case, even with all proper exclusions, seventy-one days had already elapsed on December 11, 1994, and Dezeler had still not been brought to trial.

Dezeler argues that because he was not brought to trial within seventy days of his arraignment, his indictment must be dismissed. Dezeler contends that the district court miscalculated the seventy-day time period under the Act. The government concedes that the district court erred in its determination of the number of excludable days under its speedy trial analysis, but nevertheless contends that no speedy trial violation occurred. The government asserts that the defendant's attorney made his motion to withdraw on what would have been day seventy-one but making the motion rendered that an excludable day thereby holding the total number of days at seventy. The government's calculation fails, however, because Dezeler's attorney made his motion to withdraw on day <u>seventy-two</u>, not day seventy-one.

Our analysis of the number of days that elapsed under the Act requires a rather detailed recitation of the procedural history of this case. Dezeler was arraigned on August 17, 1994. Thus, the speedy trial calculation begins the next day on August 18, 1994. <u>United States v. Long</u>, 900 F.2d 1270, 1274 (8th Cir. 1990) (citation omitted). Dezeler filed several motions on August 31, 1994. The magistrate judge held a hearing on those motions on September 14, 1994. Under the Act, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the calculation. 18 U.S.C. § 3161(h)(1)(F); <u>see also</u> <u>Henderson v. United States</u>, 476 U.S. 321, 326-31 (1986). Thus, the time from August 31 through September 14 is excluded from the calculation. Accordingly, thirteen days had elapsed from August 18 through September 14.

In addition to conducting a hearing on the motions on September 14, 1994, the magistrate judge took those motions under advisement on that date. Although the speedy trial calculation recommenced on September 15, "any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excluded from the calculation. 18 U.S.C. § 3161(h)(1)(J). The magistrate judge did not sign his order until October 24, 1994, which falls beyond the statutorily imposed thirty-day maximum. Therefore, the maximum excludable period of thirty days ended on October 14, 1994.[1]

During the period from October 15 through December 11, 1994, fifty-eight days elapsed. Neither the parties nor the district court's docket sheet describe any event during this period that would trigger an exclusion under the Act.[2] See generally 18 U.S.C. § 3161(h). Therefore, we conclude that as of December 11, 1994, seventy-one days had elapsed--the sum of the thirteen days in August that had elapsed and the fifty-eight days from October 15 through December 11--and Dezeler had not yet been brought to trial.[3] Therefore, the fact that Dezeler's attorney filed a motion

---

[1]As the government concedes, the district court erred in excluding the entire period from August 31 to October 24.

[2]Although the government states in its brief that Dezeler's trial was continued from October 24, 1994, until November 28, 1994, and that trial did not convene on November 28, the government fails to articulate how these continuances came about. Brief of Appellee at 1.

[3]Dezeler did not waive his speedy trial challenge because he made his motion to dismiss on January 30, 1995, and did not enter his guilty plea until February 9, 1995. Moreover, Dezeler expressly reserved his right to appeal the denial of his speedy trial challenge by entering a conditional guilty plea.

The United States relies on United States v. Jones which we believe to be inapposite for several reasons, including: (1) the continuance from December 12 to February 9 was not caused by any misconduct on the part of Dezeler; and (2) we do not count any of the days during the continuance in our speedy trial calculation. 23 F.3d 1307, 1310 (8th Cir. 1994) (holding that the defendant "should not be saved from a waiver that would have been effective on [the date retrial was to commence], when the reason no retrial

to withdraw on December 12, 1994, day seventy-two, has no effect on our calculation.

"When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant." Koory, 20 F.3d at 846 (citations omitted). The Act itself, in relevant part, states:

> If a defendant is not brought to trial within the time limit required by section 3161(c) [70 days] as extended by section 3161(h) [excludable time], the information or indictment shall be dismissed on motion of the defendant.

18 U.S.C. § 3162(a)(2). Because Dezeler was not brought to trial within the seventy-day period, as calculated under the Act, we must dismiss the indictment.

Although the Act mandates a dismissal of the indictment, the trial court retains discretion as to whether the dismissal should be with or without prejudice. The section of the Act dealing with sanctions provides guidance and, in relevant part, states:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

---

took place on that date was because of his own misbehavior [causing his attorney to withdraw by threatening him]").

18 U.S.C. § 3162(a)(1). Therefore, on remand the district court must consider these factors in determining whether to dismiss Dezeler's indictment with or without prejudice.

## III. CONCLUSION

For the reasons discussed above, we reverse the district court's order denying Dezeler's motion to dismiss the indictment. We remand the case to the district court for an order dismissing the indictment and for a determination whether the indictment should be dismissed with or without prejudice.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.