**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4102

BRIAN LAMONT MORRISON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-95-169)

Submitted: September 20, 1996

Decided: October 7, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence J. Fine, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Paul A. Weinman,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Lamont Morrison entered a guilty plea to one count of conspiracy to possess false identification documents with intent to use, 18 U.S.C.A. § 371 (West 1966 & Supp. 1996), and one count of bank fraud, 18 U.S.C.A. § 1344 (West Supp. 1996), 18 U.S.C. § 2 (1994). He appeals his 33-month sentence, alleging that the district court clearly erred in finding that he had obstructed justice by willfully providing material false information in his presentence interview with the probation officer. United States Sentencing Commission, Guidelines Manual, § 3C1.1, comment. (n.3(h)) (Nov. 1995). We affirm.

The probation officer specifically asked Morrison whether he had used any other names. Morrison said he had not, and also reported that he had not engaged in any criminal activity outside Winston-Salem, North Carolina. He later gave the probation officer financial documents showing that he had used the name Celena Morrison. Subsequently, while performing a criminal record check, the probation officer discovered that Morrison had been convicted in 1992 of assault resulting in serious injury in Alamance County, North Carolina, under the name Carlos Brown. Morrison was initially given a split sentence but elected to serve two years confinement for the offense. When confronted with this information, Morrison said it had slipped his mind and that he thought the record in Alamance County had been corrected to show his true name.

At sentencing, Morrison argued that an adjustment for obstruction of justice was not warranted because he had not willfully provided false information. He also contended that the false information was not material because it was corrected prior to sentencing and did not affect his criminal history score.* The district court found that Morrison deliberately concealed the fact that he had been convicted under the name Carlos Brown and that the information was material to the determination of his criminal history and his proper punishment.

_____

*Morrison had 22 criminal history points and would have been in category VI even if the additional conviction had not been discovered.

2

We agree. Morrison relies on <u>United States v. Cardona-Rivera</u>, 64 F.3d 361, 365 (8th Cir. 1995), and <u>United States v. Yell</u>, 18 F.3d 581, 583 (8th Cir. 1994), both cases in which the defendant gave false information to the probation officer but voluntarily corrected it before sentencing. Unlike these defendants, Morrison did not voluntarily disclose the full truth about his prior offenses, even belatedly. Although the concealed offense did not ultimately affect his criminal history category, it was material because his score could not be accurately determined without a tally of all prior offenses and sentences. Moreover, the district court did not clearly err in finding incredible Morrison's story that he had forgotten both the conviction and the fact that he was convicted under an alias.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3