**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS BOBADILLA LOPEZ

Defendant-Appellant.

No. 97-4168
(D.C. No. 97-CR-236-B)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Jesus Bobadilla Lopez appeals the district court's order denying his motion to suppress and the court's refusal to dismiss the original indictment

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with prejudice.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

A grand jury returned an indictment on June 5, 1996, charging defendant with two counts of unlawful possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Defendant filed a motion to suppress all items seized from the searches of defendant's apartment and defendant's girlfriend's apartment.  The magistrate judge conducted an evidentiary hearing on July 18, 1996, and directed the parties to file supplemental briefs.  Defendant filed a supplemental brief on August 2 and the government filed a supplemental brief on August 14.

The docket sheet reflects no activity between August 14, 1996, and April 1, 1997.  In its brief, the government states defendant sent an informal letter to the magistrate requesting a prompt ruling on the suppression motion, but this request is not in the record and there is no indication when the request was made.  On April 1, 1997, defendant filed a motion to dismiss the indictment with prejudice based on violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq* .  The magistrate issued a report and recommendation on April 4, 1997, suggesting the motion to suppress be denied, and the district court adopted the report on May 20, 1997.  The district court entered an order on July 16, 1997, dismissing the

indictment against defendant *without* prejudice for Speedy Trial Act violations. [1]

The district court stated:

> The crimes with which Defendant has been charged are serious, involving allegations of possession, distribution and intent to distribute illegal substances as well as the possession of a firearm by a convicted felon. Furthermore, the delay resulted from inadvertent noncompliance with the Act and not from any action by the government for the purpose of gaining a tactical advantage over Defendant. Finally, the Speedy Trial Act's purpose and intent would be misserved by a finding of prejudice. The same system that was used to so conscientiously protect the defendant's Fourth Amendment rights should not be improperly employed by the Defendant to escape any chance of criminal liability.

Order of Dismissal at 2-3.

On August 13, 1997, a grand jury returned a superseding indictment charging defendant with the same three offenses as in the original indictment. Defendant entered a conditional plea of guilty to count two, unlawful possession with intent to distribute a controlled substance, on September 15, 1997. This count did not involve any items seized from the apartments. The remaining counts were dismissed, and defendant was sentenced to 120 months' imprisonment.

---

[1] We have supplemented the record on appeal *sua sponte* with the docket sheet from the original district court criminal action, the magistrate's report and recommendation, and the district court's order dismissing the original indictment without prejudice. See Fed. R. App. P. 10(e)(2)(C).

II.

There is no dispute here that defendant's rights under the Speedy Trial Act were violated. Magistrate judges are subject to the Act's time restrictions. United States v. Mora, 135 F.3d 1351, 1356-57 (10th Cir. 1998). The magistrate here continued to keep defendant's motion to suppress under advisement for an additional 202 days after all supplemental briefing had been submitted and the thirty-day disposition period had expired. See 18 U.S.C. § 3161(h)(1)(F) & (J).

The issue on appeal is whether the district court acted properly in later dismissing defendant's indictment *without* prejudice. The Speedy Trial Act delineates no preference for a particular form of dismissal, but commits the matter to the sound discretion of the district court. United States v. Taylor, 487 U.S. 326, 335 (1988). Although we ultimately review the court's decision for an abuse of discretion, our deferential standard is dependent upon the district court having examined all requisite statutory factors in its analysis. See United States v. Tsosie, 966 F.2d 1357, 1361 & n.1 (10th Cir. 1992) (citing Taylor, 487 U.S. at 336-37).

There are three nonexclusive factors to be considered in determining whether a dismissal for Speedy Trial Act violations should be with or without prejudice: (1) seriousness of the offense, (2) facts and circumstances leading to dismissal, and (3) impact of reprosecution on the administration of the Act and on

the administration of justice. 18 U.S.C. § 3162(a)(2). In addition, the legislative history of the statute indicates that, although not dispositive of the inquiry, the presence or absence of prejudice to defendant should also be examined. Taylor, 487 U.S. at 333-35.

**Seriousness of Offense**

The district court assessed all requisite factors in concluding defendant's indictment should be dismissed without prejudice. The drug and weapon charges are of a highly serious nature. See United States v. Saltzman, 984 F.2d 1087, 1093 n.8 (10th Cir. 1993). Defendant suggests these offenses "are not the type of aggravated, victim-type crimes that society" considers most pernicious. Appellant's Br. at 14. This argument misses the mark. The critical inquiry is whether the specific offenses with which defendant is charged are serious and that inquiry is clearly answered in the affirmative here. A defendant's alleged commission of a "serious" crime weighs heavily against dismissal with prejudice. Id. at 1092-93; see United States v. Cardona-Rivera, 64 F.3d 361, 363-64 (8th Cir. 1995) ("When the crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay.").

**Circumstances Leading to Dismissal**

In evaluating the facts and circumstances precipitating the dismissal, the proper focus is "on the culpability of the delay-producing conduct." Saltzman, 984 F.2d at 1093. "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." Id. at 1093-94. The district court noted the delay here resulted solely from inadvertent noncompliance by both parties and not from any deliberate government intent to manipulate the proceedings for a tactical advantage. Defendants alleged the magistrate committed a "pattern" of unspecified violations. Even assuming arguendo that a *judge's* misconduct in the Speedy Trial Act context may warrant dismissal with prejudice, there is no evidence in the record to support defendant's contention.

Defendant has produced no evidence that he made a timely demand for a ruling on his motion to suppress. His attorney apparently submitted an informal request to the magistrate, but there is no indication when the request was made. We cannot, and will not, speculate on this matter. "[A] defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention." Id. at 1094. Nor do we find the length of the delay sufficiently prejudicial to warrant a dismissal with prejudice in the absence of government misconduct. See United

-6-

States v. Johnson , 29 F.3d 940, 945-46 (5th Cir. 1994) (188-day delay in bringing defendant to trial did not necessitate dismissal with prejudice where delay was unintentional and government did not act in bad faith);  United States v. Koory , 20 F.3d 844, 848-49 (8th Cir. 1994) (59-day delay beyond 70-day Speedy Trial Act limitation did not mandate dismissal with prejudice).

The government bears part of the responsibility for insuring the effectuation of a defendant's right to a speedy trial.  See United States v. Wright , 6 F.3d 811, 815 (D.C. Cir. 1993).  It is not appropriate to place this obligation fully upon the court.  However, there is no evidence in the record on appeal to suggest Utah federal prosecutors have contributed to repeated violations of the Speedy Trial Act.

**Impact of Reprosecution on Speedy Trial Act and Justice**

In analyzing this final factor, the court must consider the prejudice inflicted upon defendant as a result of the delay, the necessity of dismissing the case with prejudice to insure future compliance with the Act, and the public's interest in bringing defendant to trial.  United States v. Blevins , 142 F.3d 223, 226 (5th Cir. 1998).  As a general rule, "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty."  Taylor , 487 U.S. at 340.  However, defendant has the

burden of demonstrating "specific prejudice other than that occasioned by the original filing." Saltzman , 984 F.2d at 1094.

The district court concluded administration of the Act would not be impacted adversely by subjecting defendant to renewed prosecution. We conclude the district court did not abuse its discretion in reaching this conclusion. At the time of dismissal, all pretrial motions had been resolved and defendant had not been subjected to trial. Therefore, reprosecution would entail neither lengthy pretrial motions nor a second trial. See Koory , 20 F.3d at 849. Moreover, defendant has articulated no impairment in his ability to prepare a defense as a result of the court's dilatory resolution of his suppression motion. Indeed, the only charge in the superseding indictment calling for evidence other than that in the government's possession involved a drug transaction committed in defendant's car with a cooperating witness who, according to the government, was in the custody of the Bureau of Prisons at all relevant times and was available to testify at defendant's trial. Defendant's anger at being incarcerated during the period in which the magistrate kept the suppression motion under advisement is legitimate. However, we cannot say a dismissal with prejudice was mandated here. See United States v. Kramer , 827 F.2d 1174, 1178 (8th Cir. 1987) (general assertions of prejudice and unproven allegations of post-dismissal prejudice are insufficient to support dismissal with prejudice). The public's strong interest in

-8-

requiring defendant to be held responsible for his crimes has not been overcome on this record.

Although dismissal with prejudice sends a stronger message to the government, Taylor, 487 U.S. at 342, dismissal without prejudice is not a meaningless sanction:

> [I]t forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely. If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution.

Id. Further, Congress included a litany of remedial sanctions, short of dismissal with prejudice, to punish dilatory counsel. See 18 U.S.C. § 3162(b); Taylor, 487 U.S. at 342 n.14.

After careful analysis, we do not find the district court abused its discretion in dismissing defendant's indictment without prejudice.

### III.

Defendant also challenges the district court's denial of his motion to suppress evidence seized from the apartments. This issue is moot. The only charge to which defendant pleaded guilty involved a drug transaction with a cooperating witness in the defendant's vehicle and none of the evidence seized in

the apartments was connected in any way to that count.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge