**UNITED STATES of America,**
**Plaintiff,**

v.

**Jose CAUSOR–CERRATO, Defendant.**

**No. CR. 00–9.**

United States District Court,
S.D. Iowa.

Jan. 23, 2003.

John S. Courter, U.S. Atty., Des Moines, IA, for U.S.

James F. Whalen, Nicholas T. Drees, Iowa Fed. Public Defender, Des Moines, IA, for defendant.

### ORDER

PRATT, District Judge.

### I. BACKGROUND

Before the Court is Defendant Jose Causor–Cerrato's Motion to Dismiss & Request for Evidentiary Hearing (Clerk's No.

23). Defendant was indicted for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A) on January 12, 2000. Trial on the matter was set to commence March 6, 2000, however, Defendant failed to appear and a warrant was issued for his arrest. Defendant was eventually arrested on July 28, 2002, and appeared before United States Magistrate Judge Celeste Bremer for an initial appearance on August 26, 2002. Defendant was ordered temporarily detained and a formal detention hearing was set for August 29, 2002. On August 27, 2002, Defendant waived his right to a detention hearing. The following day, Magistrate Judge Bremer entered an Order of Detention. No trial dates were ever set and the docket reflects no further activity until the present motion was filed.

Title Eighteen, United States Code, Section 3161(c)(1) provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Government concedes that the present indictment must be dismissed because Defendant was not brought to trial within seventy days of his appearance before Magistrate Judge Bremer. *See* 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) ... the information or indictment *shall* be dismissed on motion of the defendant.") (emphasis added); *see also United States v. Koory*, 20 F.3d 844, 846 (8th Cir.1994) (dismissal is mandatory when time limits of Speedy Trial Act have been violated).

The only issue remaining, then, is whether the Court should dismiss the indictment with or without prejudice. The parties have filed briefs on the matter and the Court does not believe that an evidentiary hearing would provide substantial additional information for the Court to consider. Accordingly, Defendant's request for an evidentiary hearing is denied and the matter is fully submitted.

## II. ANALYSIS

■ The decision to dismiss an indictment with or without prejudice, for violation of section 3161(c)(1) lies within the sound discretion of the trial court. *See Koory*, 20 F.3d at 846. The factors that a district court must consider when determining whether to bar reprosecution are "(1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal[;] and (3) the impact of reprosecution on administration of the Act and justice in general." *United States v. Kramer*, 827 F.2d 1174, 1176 (8th Cir.1987) (citing 18 U.S.C. § 3162). The Court will examine each of these factors in turn.

The Court has no doubt that an alleged violation of the Controlled Substances Act, in this case for conspiracy to distribute methamphetamine, constitutes a "serious offense." *See e.g., Koory*, 20 F.3d at 847 (finding district court did not abuse its discretion in determining that possession of cocaine with intent to distribute within 1000 feet of an elementary school was a serious offense). If convicted as charged, Defendant faces a mandatory minimum term of imprisonment of ten years, a maximum term of imprisonment of life, a $4,000,000 fine, and a five year term of supervised release. Thus, the seriousness of the offense with which Defendant is charged weighs in favor of a dismissal without prejudice. *See id.* Defendant argues, however, that even were the Court to dismiss the present indictment with preju-

dice, the negative effects are minimized because Defendant can still be indicted and prosecuted for failure to appear at the March 6, 2000 trial, a charge which carries a ten year maximum term of imprisonment. The Court finds this argument unpersuasive. Defendant's failure to appear for trial constitutes a completely separate criminal act which the Government may elect to pursue or forego as it wishes. Regardless, the Court does not believe that a charge of failure to appear should be treated as an *alternative* to be considered in the present case when it actually could comprise an *additional* criminal violation.

With regard to the facts and circumstances which led to the mandatory dismissal in this matter, the parties have posed quite contrary arguments. Defendant argues that there is simply no justification for the Government's failure to bring this case to trial within the time limits of the Speedy Trial Act. The Government, on the other hand, points to the fact that trial was actually set to commence in March 2000, however, Defendant failed to appear for trial and absconded for approximately 30 months. Upon his initial appearance, the magistrate judge set a time for a detention hearing, which Defendant subsequently waived. No trial date was ever set, nor did any party ever move to have a trial date set. Additionally, no one, including court personnel and the Clerk of Court, caught the error prior to the expiration of the time limits encompassed in section 3161.

■ In *Koory*, the Eighth Circuit found: Where a violation of the Act is substantial, the government's negligent failure to comply with the Act may justify dismissal with prejudice. *See United States v. Russo*, 741 F.2d 1264, 1267–68 (11th Cir.1984) (because of substantial violation, negligent failure to comply with Act required dismissal with preju-

dice); *see also Taylor*, 487 U.S. at 338, 108 S.Ct. at 2420 (truly neglectful attitude on the part of government could be factored against it). The circumstances do not favor dismissal with prejudice, however, where there is no showing that the claimed negligence was in reality an attempt to obtain a tactical advantage for the government or that the government regularly or frequently failed to meet the time limits of the Act. *See Kramer*, 827 F.2d at 1177. Further, "[w]here the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." *Russo*, 741 F.2d at 1267 (several months' delay warranted dismissal with prejudice).

*Koory*, 20 F.3d at 847. A period of approximately 130 days elapsed between Defendant's initial appearance and the date of the Motion to Dismiss. This time period exceeds the requirements of the Speedy Trial Act by 60 days. However, the Eighth Circuit Court of Appeals has held that a fifty-nine-day delay was not so substantial as to require dismissal with prejudice regardless of other circumstances. *See United States v. Leone*, 823 F.2d 246, 248 (8th Cir.1987). In this case, the Court agrees with Defendant that the Government was negligent in failing to bring Defendant to trial prior to the expiration of the seventy day time limit provided by the Speedy Trial Act. Nonetheless, it does not appear that the government's negligence rose to the level of an intentional attempt to gain a tactical advantage. Similarly, Defendant does not claim, nor is the Court aware of, a pattern by the Government in failing to comply with the provisions of the Speedy Trial Act. "Random negligence, while not to be condoned, is less blameworthy than purposeful misconduct or recurrent transgressions, and weighs less heavily in favor of banning reprosecution." *Koory*, 20 F.3d at 848 (quoting *United*

*States v. Hastings,* 847 F.2d 920, 925 (1st Cir.1988)).

Finally, the Court must consider the effect reprosecution would have on the administration of justice and of the Speedy Trial Act. Defendant contends that the only effective way to sanction violations of the Speedy Trial Act is to grant a dismissal with prejudice. The Court disagrees. The Speedy Trial Act itself provides for dismissal of the indictment, leaving to the Court the determination of whether the dismissal should be with or without prejudice. While a dismissal with prejudice would certainly encourage the United States Attorney's Office to more carefully scrutinize the timeliness of cases, the Court also believes it likely that the extra work required in bringing the case again will help to ensure this type of mistake does not recur. Additionally, Defendant has not provided the Court with any information which would allow it to conclude that Defendant would be personally prejudiced in his ability to defend himself against the present charges should the Government be permitted to reprosecute the case.

The foregoing reasoning leads the Court to the following conclusions: 1) the indictment in this case charges Defendant with a serious offense; 2) the facts and circumstances of this case evidence a negligent, as opposed to an intentional, violation of the Speedy Trial Act; 3) the Government was not attempting to gain a tactical advantage nor does the Government frequently violate the provisions of the Speedy Trial Act; 4) Defendant has been, at best, minimally prejudiced by the violation of the Speedy Trial Act; and 5) a reprosecution on the facts of this case would not negatively affect the administration of the Speedy Trial Act or of justice in general. Accordingly, the Court finds that a dismissal of the indictment without prejudice is warranted.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED. The Clerk of Court is directed to dismiss the Indictment *without* prejudice.

IT IS SO ORDERED.