# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2571

———————

United States of America,        *
                                 *

        Appellee,        *

                                   *   Appeal from the United States

v.                       *   District Court for the

                                   *   Southern District of Iowa.

Jesse Stewart,              *

                                   *       [UNPUBLISHED]

        Appellant.       *

———————

Submitted: January 13, 2010
Filed:  February 12, 2010

———————

Before MURPHY and BYE, Circuit Judges, and STROM,[1] Senior District Judge.

———————

PER CURIAM.

       Jesse Stewart appeals his conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841.  Stewart primarily contends the district court[2] abused its discretion when it dismissed without prejudice the indictment filed against Stewart for a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.

———————————

      [1] The Honorable Lyle E. Strom, Senior District Judge for the District of Nebraska, sitting by designation.

      [2] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

The district court found eighty-one non-excludable days passed between Stewart's indictment and the date Stewart filed his motion to dismiss the indictment, which required the district court to dismiss the indictment. 18 U.S.C. § 3161(c)(1), (h); 18 U.S.C. § 3162(a)(2). Although dismissal is mandatory when a Speedy Trial Act violation occurs, courts have discretion regarding whether to dismiss an indictment with or without prejudice. *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994). We review this decision for an abuse of discretion. *United States v. Taylor*, 487 U.S. 326, 332 (1988). "An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." *Koory*, 20 F.3d at 847. In determining whether to dismiss with or without prejudice, courts must consider: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." § 3162(a)(2). Courts may also consider other factors, such as prejudice to the defendant. *Taylor*, 487 U.S. at 334, 341.

The District Court concluded, and Stewart does not dispute, that Stewart's indictment contained a serious offense. When a crime is serious, "courts should dismiss with prejudice only for a correspondingly serious or prejudicial delay." *United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995). Here, only eleven non-excludable days had passed beyond the speedy trial deadline, which is not so serious or prejudicial a delay to mandate dismissal with prejudice. *See United States v. Summage*, 575 F.3d 864, 874 (8th Cir. 2009) (determining one-hundred-seventeen days beyond the seventy-day limit did not require dismissal with prejudice).

The district court also concluded the facts and circumstances leading to the dismissal supported dismissal without prejudice. Stewart's arguments to the contrary are unavailing. First, nothing indicates the Government acted in bad faith or engaged

in a pattern of neglect in prosecuting criminal defendants. *See Taylor*, 487 U.S. at 339. In addition, nothing indicates the Government sought to gain a tactical advantage in delaying the case. *See United States v. Kramer*, 827 F.2d 1174, 1177 (8th Cir. 1987). A defendant's conduct is also "certainly relevant as 'circumstances of the case which led to the dismissal.'" *Taylor*, 487 U.S. at 340 (quoting § 3162(a)(2)). The record reflects Stewart sought continuances on at least three occasions. One of these continuances involved the transportation of Stewart to Colorado for a mental evaluation. That evaluation determined Stewart was a malingerer and resulted in the accumulation of twenty-seven non-excludable days, which would not have accumulated but for Stewart's malingering. By all indications, the Government and the district court were ready and willing to proceed with trial.

The district court also correctly concluded Stewart's reprosecution would not have a negative impact on the administration of justice and the Speedy Trial Act. In addition, Stewart has not identified any prejudice, nor did the district court discern any, that would result because of the delay. See *Taylor*, 487 U.S. at 334. Any prejudice Stewart incurred arose from his criminal prosecution and cannot be attributed to the delay in his prosecution. *See Summage*, 575 F.3d at 875.

The district court properly considered all of the relevant factors and gave them an appropriate amount of weight in making its determination whether to dismiss the indictment with or without prejudice. Moreover, the district court committed no clear error in its factual findings in evaluating the relevant factors and did not abuse its discretion when it dismissed the indictment without prejudice. The decision of the district court is affirmed on this determination.

Stewart has raised other issues on appeal, which the Court has considered and finds are without merit. The judgment of the district court is AFFIRMED.

_____