# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2145

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Plaintiff-Appellee, | * | District Court for the Western |
| | * | District of Missouri. |
| v. | * | |
| | * | |
| Kevin P. McKinney, | * | |
| | * | |
| Defendant-Appellant. | * | |

———————

Submitted: December 14, 2004
Filed: January 18, 2005

———————

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

———————

BRIGHT, Circuit Judge.

The government filed an indictment against appellant Kevin P. McKinney, charging him with being a felon in possession of a firearm. McKinney requested a speedy trial under the Interstate Agreement on Detainers Act (IADA). That Act required that his case must be brought to trial within 180 days. After the 180-day time limit had expired without being brought before the federal court, McKinney filed a motion to dismiss. The magistrate judge[1] held a hearing and recommended that the

———————

[1] The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

district court dismiss the indictment without prejudice. The district court[2] agreed and dismissed the indictment without prejudice. McKinney appeals and argues the district court erred, because the government violated his right to a speedy trial under the IADA. We affirm. The district court did not abuse its discretion in dismissing the indictment without prejudice.

## I. Background

Missouri State Highway Patrol troopers observed a speeding vehicle, and pursued the vehicle for fourteen miles. The chase ended with the vehicle crashing and the driver fleeing on foot. The troopers apprehended and arrested the driver, later identified as McKinney. The troopers found a gun on the ground where McKinney was lying, two shells for the gun, and four plastic "baggies" of methamphetamine in McKinney's pocket.

Following his arrest by state officials, McKinney pleaded guilty in state court and the state court sentenced him to seven years on two counts of possession of a controlled substance to be served concurrently. State officials transported McKinney to the Missouri Department of Corrections to begin serving his sentence. McKinney entered into a twelve-month drug rehabilitation program, and would be eligible for probation on his state sentence when he completed the program.

The government filed a one-count indictment against McKinney charging him with being a felon and an unlawful user of a controlled substance in possession of a firearm and ammunition. The government later filed a two-count superseding indictment against McKinney, alleging that, in addition to the above charge, McKinney illegally possessed a firearm on an earlier date.

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Officials at the Missouri Department of Corrections received a "Detainer Against Sentenced Prisoner" from the United States Marshal's Service. McKinney completed and signed the detainer and requested a speedy trial under the IADA. McKinney returned the request for a speedy trial, which was filed with the district court on August 7, 2002. The United States Attorney's Office received a copy of McKinney's signed request on August 7, 2002.

The 180-day time limit in which McKinney's case had to be brought to trial under the IADA expired on February 3, 2003. The government requested a Writ of Habeas Corpus Ad Prosequendum to bring McKinney before the federal courts on February 25, 2003. The magistrate court issued the writ and directed McKinney to appear in federal court in the instant case.

McKinney filed a motion to dismiss. David C. Jones, the government's attorney, recognized that he would be a fact witness and withdrew from representation of the government on this matter. The magistrate judge held an evidentiary hearing, where McKinney and Jones testified. McKinney testified that he requested a speedy trial with the anticipation he would be able to quickly resolve his federal charges and return to the state institution and the drug treatment program. According to Jones, either Jones or his secretary misfiled McKinney's IADA request when the United States Attorney's Office received it. Jones discovered the request in a different file on February 24, 2003.

After the hearing, the magistrate court noted that the time limits of the IADA had not been complied with by the government and recommended the indictment be dismissed. The magistrate court examined the factors identified in 18 U.S.C. App. 2 § 9(1) to determine whether to dismiss the indictment with or without prejudice. The magistrate court concluded that dismissal with prejudice was not warranted. The district court agreed with the magistrate court's recommendation, and dismissed the indictment against McKinney without prejudice.

On August 1, 2003, the government returned McKinney to the Missouri Department of Corrections. On September 10, 2003, the government filed a new indictment against McKinney, alleging the same charges and conduct that was alleged in the original superceding indictment. McKinney renewed his motion to dismiss, which the district court denied. McKinney entered a conditional guilty plea to the indictment, reserving his right to appeal the district court's order dismissing the indictment without prejudice. The district court sentenced McKinney to sixteen months on each count to run concurrently. The district court also ordered McKinney's sentence to run concurrently with his state sentence. This appeal follows.

## II.    Standard of Review

The standard of review for reviewing a district court's decision to dismiss an indictment without prejudice under the IADA, 18 U.S.C. App. 2 § 9, has not yet been established by this court.

The Ninth Circuit applies an abuse of discretion standard in reviewing a district court's decision to dismiss an indictment without prejudice under the IADA. See United States v. Kurt, 945 F.2d 248, 254 (9th Cir. 1991). In addition, this court has reviewed a district court's decision to dismiss an indictment without prejudice under the Speedy Trial Act, which has nearly identical language as the IADA.[3] United

---

[3]The Speedy Trial Act states:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

States v. Koory, 20 F.3d 844 (8th Cir. 1994). In interpreting the nearly identical language, this court noted it "will not overturn a district court's decision to allow or to bar reprosecution absent an abuse of discretion." Id. at 846-47. This court also noted that "when the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed." Id. (quotations omitted).

For the same reasons, we review the district court's decision to dismiss McKinney's indictment without prejudice under the IADA for abuse of discretion, and review the factual findings that support the decision for clear error.

## III. Discussion

The IADA states that a prisoner against whom a detainer has been lodged "shall be brought to trial within one hundred and eighty [180] days after" the prisoner has given proper notice of his request for a speedy trial. 18 U.S.C. App. 2 § 2. A court may dismiss an indictment with or without prejudice when the United States is the receiving state. 18 U.S.C. App. 2 § 9 (1) & (2). The court must consider the following factors in deciding whether to dismiss with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal;

---

The IADA states:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice.

18 U.S.C. App. 2 § 9(1).

and (3) the impact of re-prosecution on the administration of the Act and on the administration of justice.  Id.

The magistrate court considered the three factors in recommending to dismiss the indictment without prejudice, and the district court adopted the magistrate court's recommendation.  We review each factor in turn.

(1)    Seriousness of the offense

The magistrate court found that McKinney's charged conduct was serious.  The magistrate court concluded that this factor favors dismissal without prejudice.

The government charged McKinney with two counts of being a felon in possession of a firearm.  The IADA does not specify the criteria for analyzing the seriousness of the offense, but other courts have examined the nature of the conduct charged and the potential sentence.  See, e.g., Kurt, 945 F.2d at 253 (examining the facts of the crime and the potential sentence).

The nature of McKinney's conduct and the potential sentence for McKinney's charged offense demonstrates the seriousness of his offense.  McKinney fled police for fourteen miles and then continued to flee police on foot after abandoning his vehicle.  During the arrest the police discovered McKinney possessed four baggies of methamphetamine, a gun and ammunition.  The statutory maximum penalty for each of McKinney's charged counts is ten years of imprisonment and a fine of $250,000.  See 18 U.S.C. §§ 922(g)(1) & (3), 924(a)(2).  This court has found that a single count with the same statutory penalty is a "serious offense."  See United States v. Duranseau, 26 F.3d 804, 808 (8th Cir. 1994) (interstate transportation of stolen property is a serious offense).

The magistrate court did not clearly err in its factual findings regarding the seriousness of McKinney's offense. The district court did not abuse its discretion in concluding this factor supports dismissal without prejudice.

(2)    Facts and circumstances leading to the dismissal

The magistrate court noted that because "there has been no evidence of bad faith or a pattern of negligence established, and because [McKinney] was the victim of 'an unfortunate administrative oversight' . . . the Court finds that the second factor also favors dismissal without prejudice."

Here, either Jones or his secretary misfiled McKinney's request to be brought to trial within 180 days. When Jones discovered the error, he examined the district court's docket sheet, which described the request only as a detainer. The docket sheet, therefore, did not provide notice of McKinney's request to be brought to trial within 180 days. After discovering the misfiled request, Jones immediately filed a writ with the district court to bring McKinney before the court as soon as possible.

The magistrate court (and the district court in adopting the magistrate court's recommendation) did not clearly err in its factual findings on this factor. McKinney did not present evidence of bad faith or a pattern of negligence. The only reason the government did not honor McKinney's request was due to a clerical filing error. In addition, as discussed below, McKinney was not prejudiced by the error. Therefore, the district court did not abuse its discretion in concluding this factor supports dismissal without prejudice.

(3)    The impact of re-prosecution

The magistrate court noted that the focus on this issue "should be on whether the prosecution had an improper motive, and whether the violation prejudiced the

defendant." The magistrate court noted that there is no evidence of improper motive and the prejudice McKinney may have experienced by the violation does not rise to the level that would mandate a dismissal with prejudice. The magistrate court concluded that this factor favors dismissal without prejudice.

As noted above, the only reason the government did not bring McKinney before the federal court within 180 days was due to a clerical filing error, not because of any improper motive, bad faith, or pattern of negligence on the government's behalf. Furthermore, McKinney will not be prejudiced if he is re-prosecuted. McKinney argues he may have to restart his drug rehabilitation program. However, even if McKinney's request to be brought to trial within 180 days was honored, McKinney probably would need to restart the rehabilitation program. McKinney has presented no evidence, other than his own statements, that the delay of his trial actually prevented him from continuing his education and rehabilitation.

The magistrate court (and the district court in adopting the magistrate court's recommendation) did not clearly err in its factual findings on this factor. The district court did not abuse its discretion in concluding this factor supports dismissal without prejudice.

## IV.   Conclusion

Accordingly, we affirm.

_____