# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1119

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Willie Ward, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: June 23, 2005
Filed: June 28, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

After the government failed to bring Willie Ward to trial for being a felon in possession of ammunition within 180 days of his request for a speedy trial under the Interstate Agreement on Detainers Act (IADA), the district court[1] dismissed Ward's indictment without prejudice. Ward appeals, arguing that the district court abused its discretion in failing to dismiss the indictment with prejudice. We affirm.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

On July 10, 2003 a federal grand jury indicted Willie Ward for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Because Ward was in custody of the Missouri Department of Corrections at the time of the indictment, the United States Marshal's Office lodged a detainer against him the following day. Ward responded by requesting a speedy trial under the IADA, triggering the Act's requirement that he be brought to trial within 180 days. See 18 U.S.C.App. 2 § 2. While the government acknowledges receiving this request on July 19, 2003, it did nothing in response. According to a later declaration by the Assistant United States Attorney in charge of the case, the government mistakenly believed that Ward was a fugitive and thus unavailable for prosecution.

After more than 180 days passed without trial, Ward drafted a motion to dismiss his indictment based on the government's failure to comply with the IADA. See 18 U.S.C.App. 2 § 9(1) (dismissal of indictment with or without prejudice for failure to comply with speedy trial requirements). The Marshal's office received the motion on April 8, 2004 and forwarded it to the United States Attorney. On May 20, 2004, more than ten months after his indictment, the government requested a writ to bring Ward before the district court for prosecution. The writ was granted and Ward filed a motion to dismiss. Following two hearings, a magistrate judge[2] issued a memorandum recommending that Ward's indictment be dismissed without prejudice due to the government's failure to initiate proceedings within 180 days of his IADA request for a speedy trial. The district court adopted the magistrate's recommendation, granting Ward's motion and dismissing his indictment without prejudice. Ward appeals.

Under the IADA, a prisoner against whom a detainer has been lodged must be brought to trial within 180 days of his request for a speedy trial. 18 U.S.C.App. 2 § 2.

---

[2]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri.

When federal prosecutors fail to comply with this requirement, the district court may dismiss the indictment with or without prejudice. Id. § 9(1). The court's decision to dismiss with or without prejudice is to include consideration of three factors: (1) the seriousness of the offense, based on both the nature of the charged conduct and the possible sentence; (2) the facts and circumstances resulting in the dismissal; and (3) the impact of reprosecution on the administration of justice and the IADA. United States v. McKinney, 395 F.3d 837, 840-41 (8th Cir. 2004) (citing 18 U.S.C.App. 2 § 9(1)).

Ward contends that application of these factors should have led to a dismissal with prejudice. He first argues that the charged offense is not serious, alleging that he possessed only three "rusty" rounds of ammunition and that the government did not give priority to his prosecution. Ward contrasts this with the more serious conduct in McKinney, 395 F.3d at 841, where we affirmed a dismissal without prejudice after the defendant fled from the police and was found in possession of drugs, a firearm, and ammunition. Ward next contends that the government negligently delayed more than four months beyond the statutory deadline and waited more than a month after receiving his motion before initiating proceedings. He points out that in McKinney, the government had missed the statutory deadline by only three weeks and immediately petitioned the court upon realizing its error. Id. Ward last argues that the delay has resulted in prejudice because he has now lost contact with an unidentified potential witness and been denied the opportunity to argue for concurrent sentences.

The district court's decision to dismiss Ward's indictment without prejudice is reviewed for abuse of discretion. Id. at 840. The offense with which Ward was charged, being a felon in possession of ammunition, carries a statutory maximum penalty of ten years imprisonment and a $250,000 fine. 18 U.S.C. § 924(a)(2). This type of penalty reflects the seriousness of the charged offense. See McKinney, 395 F.3d at 841 (citing United States v. Duranseau, 26 F.3d 804, 808 (8th Cir. 1994)

(felony offense with same maximum penalty held serious under Speedy Trial Act)). Moreover, Ward may well be subject to an even greater penalty due to his criminal history. See 18 U.S.C. § 924(e) (fifteen year mandatory minimum sentence for defendants with sufficient criminal history). The circumstances resulting in the dismissal of Ward's indictment also support the district court's decision to dismiss without prejudice since, like the defendant in McKinney, Ward has not shown "evidence of bad faith or a pattern of negligence" on the part of the government. 395 F.3d at 841. Finally, Ward has not demonstrated any substantial impact from reprosecution on the administration of justice or the IADA. Ward has presented no evidence of any prejudice to his defense and has not shown that the government's delay resulted from bad faith, an improper motive, or a pattern of negligence. See 395 F.3d at 841-42. We conclude that the district court did not abuse its discretion in dismissing Ward's indictment without prejudice.

Accordingly, we affirm the order of the district court.

_____