**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4118**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

JYMERE ALAN PRATT,

        Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:20-cr-00049-1)

Submitted: January 28, 2022                Decided: February 14, 2022

Before RICHARDSON, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Lisa G. Johnston, Acting United States Attorney, Jeremy B. Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

PER CURIAM:

Jymere Alan Pratt was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At the time of the indictment, Pratt was in state custody at the South Central Regional Jail for unrelated charges.  The United States lodged a detainer.  On January 8, 2020, a West Virginia court imposed Pratt's state sentence.  Pratt made his initial appearance in federal court on January 16 and elected to remain in federal custody during the pendency of the federal charge.  But on January 30—the day before Pratt's federal plea hearing—state officials moved Pratt to a different state correctional facility to begin serving his state sentence.  Federal marshals returned Pratt to federal custody on January 31.

The parties agree that Pratt's January 30 transfer violated the anti-shuttling provision of the Interstate Agreement on Detainers (IAD).  *See* 18 U.S.C. app. 2, § 2, art. IV(e).  The federal government and most States, including West Virginia, are signatories to the IAD, which establishes procedures for resolving one jurisdiction's outstanding charges against a prisoner of another jurisdiction.  *See New York v. Hill*, 528 U.S. 110, 111 (2000).  The IAD's anti-shuttling provision "generally requires the indicting jurisdiction (here, the federal government) to retain custody . . . of a prisoner" from the time it files a detainer until it disposes of his charges.  *United States v. Peterson*, 945 F.3d 144, 149 (4th Cir. 2019) (citing 18 U.S.C. app. 2, § 2, art. IV(e)).

The penalty for violating the anti-shuttling provision is dismissal of the indictment.  18 U.S.C. app. 2, § 2, art. IV(e).  When, as here, the United States is the indicting jurisdiction, a district court has discretion to do so with or without prejudice.  *Id.* § 9(1).

The statute provides three non-exhaustive factors for the court to consider when exercising that discretion: (1) "[t]he seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice." *Id.*

The district court dismissed Pratt's indictment without prejudice. The United States then obtained a new indictment and Pratt pleaded guilty, reserving his right to appeal the district court's dismissal ruling. Pratt's sole argument on appeal is that the district court abused its discretion in finding the statutory factors favored dismissal without prejudice. *See Peterson*, 945 F.3d at 151 ("[T]he decision to dismiss with or without prejudice is committed to the trial court's discretion twice over.").

The district court considered all three statutory factors, and Pratt has not identified any abuse of discretion in the court's evaluation or weighing of those factors. Regarding the seriousness of the offense, Pratt was charged with being a felon in possession of a firearm, with a maximum sentence of ten years in prison. *See United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009) (finding Section 922(g) offense "serious"); *United States v. McKinney*, 395 F.3d 837, 841 (8th Cir. 2005) (same); *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (same).

As for the facts and circumstances of the case, Pratt was removed from federal custody for one day because of an administrative mistake. *See United States v. Kelley*, 402 F.3d 39, 42 (1st Cir. 2005) (explaining it is "entirely appropriate" to consider the circumstances of the violation, including its "de minimis" nature, when evaluating whether to dismiss an indictment with or without prejudice). The district court found that the error

leading to the IAD violation was inadvertent, a finding that Pratt does not contest. Pratt claims to have identified one or two other violations of the IAD in the relevant district in the past two years, but the district court reasonably determined that those cases did not establish a pattern of violations.

Finally, concerning the impact of reprosecution, the district court found that Pratt would not be prejudiced or unduly burdened by dismissal without prejudice because he was ready to enter a guilty plea before the untimely transfer and the parties had all the information necessary to promptly file and plead to a second indictment. Pratt has made no showing that the transfer interrupted any educational or rehabilitative programming he was receiving. *See Peterson*, 945 F.3d at 153 (considering the impact on receipt of rehabilitative services and defendant's speedy trial rights).

Accordingly, Pratt has not shown that the district court abused its discretion in dismissing his first indictment without prejudice.

*AFFIRMED*