**UNITED STATES**

v.

**Joseph BRENNA, Appellant.**

**No. 88–3665.**

United States Court of Appeals,
Third Circuit.

Argued April 26, 1989.

Decided June 29, 1989.

Carol G. Hurst, Dudley, Topper, Feuerzeig, Charlotte Amalie, St. Thomas, V.I., Roy E. Black (argued), Marisa T. Mendez, Black & Furci, P.A., Miami, Fla., for appellant.

Lynne W. Lamprecht, Mary K. Butler (argued), Asst. U.S. Attys., Linda Collins Hertz, Chief, Appellate Div., Terry M. Halpern, U.S. Atty., Dist. of the Virgin Islands, Charlotte Amalie, St. Thomas, V.I., Dexter W. Lehtinen, U.S. Atty., S.D. Fla., Miami, Fla., for appellee.

Before HUTCHINSON, COWEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Joseph Brenna appeals his conviction for knowingly transporting monetary instruments in excess of $10,000 of United States currency without filing a Report of International Transportation of Currency, in violation of 31 U.S.C. §§ 5316 & 5322. His contention on appeal is that his conviction must be reversed because the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, was violated by the events preceding his eventual plea of guilty to the information.[1] We find that there was a Speedy Trial Act violation, and will therefore reverse Brenna's conviction.

I.

The facts necessary for our disposition of this appeal are as follows. Brenna was charged by information with violating 31 U.S.C. §§ 5316 and 5322 on August 28, 1987. A jury trial commenced on the charge on March 21, 1988. That trial ended on March 23, 1988 in a mistrial.

Following the mistrial, no action was taken in Brenna's case until May 20, 1988, when the United States moved to set the case for trial before expiration of the time permitted under the Speedy Trial Act. According to the government's motion, Brenna's trial had to begin by June 1, 1988 in order to avoid a Speedy Trial Act violation. The government's motion specifically stated: "There have been no excludable periods of delay since March 23, 1988; therefore the Speedy Trial Act requires that the trial of this case begin within seventy days from that date, that is on or before June 1, 1988." Record Doc. No. 54 at 1. Brenna did not immediately respond to the government's May 20 motion.

On May 26, 1988, Judge Christian [the district court] issued an order which stated in its entirety:

AND NOW, this 26' day of May, 1988,

It is ORDERED that the above captioned cause be, and the same is hereby set for trial during the period of *JULY 25th through AUGUST 12th, 1988.* The calendar will be called at *3:00 P.M.* in the District Court courtroom on *FRIDAY, JULY 22nd, 1988,* at which time a specific trial date and hour will be assigned. The selection of the trial panel will commence promptly at *8:45 A.M.* on *MONDAY, JULY 25th, 1988.*

Unless prior approval to the contrary has been obtained from the Court, counsel and litigants must be prepared to proceed to trial on any day during the designated period appointed by the Court.

Except as otherwise ordered the Court for good cause shown, this case will pro-

---

1. Brenna's plea of guilty to the information was conditioned on his right to appeal the alleged Speedy Trial Act violations.

ceed to *trial* as scheduled or *will be dismissed.*

Dated at Charlotte Amalie, St. Thomas, U.S. Virgin Islands.

Record Doc. No. 55 (emphasis in original).

The United States filed a motion for the court to reconsider its May 26 order on June 10, 1988, and moved to supplement that motion on June 14, 1988. On July 12, 1988, Brenna filed his first motion to dismiss the charges against him for violation of the Speedy Trial Act. After Brenna supplemented his motion and the United States responded to it, the court orally denied the motion on July 22, 1988. It entered a written order denying the motion on August 8, 1988. The court, in its written order dated August 8, ruled that the days during the period March 24—June 15 were excludable for purposes of calculating whether there had been a Speedy Trial Act violation.

Specifically, the district court found that the period March 24—May 2 was excludable because the jury venire from which jurors were selected for Brenna's first trial was still in service. The district court noted that it was the "well established practice" of the district court not to reschedule a retrial until the term of the panel of veniremen had expired, and found that it was in the interests of justice to await the call of the succeeding panel. Since the succeeding panel's term commenced May 2, the district court found that the thirty-nine days during this period were excludable.

The court excluded the forty-four days from May 2 to June 15 on the ground that

Brenna's counsel had, before his first trial, asked the court to schedule that first trial earlier because he would be participating in a trial in another district during that period. The court reasoned:

> The occurrence of a mistrial in the instant case could not affect counsel's trial obligation in the other case in the distant district. If because of a continuance or dismissal of the case outside of this district counsel found that he would be available to attend the trial in this district before June 15th, it was his obligation to so notify the Court. This was never done. It seems reasonable, therefore, to exclude from the speedy trial computation the time between May 2nd, when the defendant could have been brought for jury selection before a new panel, and June 15th when the Court had been advised his counsel would be available, a period of 44 days.

Record Doc. No. 68 at 3.[2]

Following a number of motions which we need not detail for purposes of deciding this appeal, jury selection commenced in Brenna's case on September 26, 1988. He pled guilty to the information, while preserving his right to appeal the Speedy Trial Act issue, on September 29, 1988. Brenna filed a notice of appeal from his conviction on October 6, 1988. We have jurisdiction under 28 U.S.C. § 1291.

## II.

### 1. The Speedy Trial Act

Section 3161(e) of the Speedy Trial Act provides for a seventy-day deadline follow-

---

2. We would note that the court's comments at oral argument on July 22, 1988 would seem to indicate that when the court issued its May 26 order, it was not aware that defense counsel had, before the first trial, indicated that he would not be available until the middle of June. The court stated:

> Now, since the Government filed a motion, they have now brought to my attention that counsel who had been admitted pro hace [sic] vice for this case had indicated that because of other commitments he could not be ready to try this case until sometime apparently late in June. I do not cite that as a reason for my dismissal. But I mention it because it seems a little unfair for a counsel now to say the case was not tried within the seventy-day period when trial counsel for the defendant had

himself indicated that he could not be available until that later date.

Record Doc. No. 66 at 3. The court also explained its order of May 26 as follows:

> But by that time because of the way we set our calendars, we had so many other criminal cases previously scheduled, that I did not think it proper to strike from the trial calendar any of those felony cases simply to retry this misdemeanor, because that's all it is, a misdemeanor. Therefore, when I received word from the Government by way of a motion to set a trial date, to set the trial before June 1st, there was no time within which I could have set it earlier than trial period of July 25.

*Id.*

ing the declaration of a mistrial for a retrial on the charges against the defendant to commence:

> (e) If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.

18 U.S.C. § 3161(e). If this deadline is not met, the court must dismiss the indictment or information on motion by the defendant, either with or without prejudice. 18 U.S.C. § 3162(a)(2).

Certain carefully defined periods of delay are automatically excluded from the calculation of the seventy-day limit, such as delay resulting from an examination of the defendant, or delay resulting from pretrial motions. *See* 18 U.S.C. § 3161(h)(1)–(7). In order to provide some additional flexibility, the Act also includes a section, 3161(h)(8)(A), which allows the district court to exclude from the seventy day calculation:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of jus-

tice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). Sections 3161(h)(8)(B)(i)–(iv) list certain factors that a district judge must consider when deciding whether to grant an "ends of justice" continuance, while section 3161(h)(8)(C) emphasizes that "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government" are not permissible reasons for granting a continuance.[3]

### 2. The exclusion of the period March 24 —May 2

The district court's order of August 8 denied the defendant's motion to dismiss the information for violation of the Speedy Trial Act because the court found that the days from March 24 to June 15 were "excludable"; the court did not, however, state the statutory provision under which it reached that conclusion. The parties to this case assume that in excluding those days from its calculations, the district court was making an "ends of justice" determination, and that it excluded the days pursuant to section 3161(h)(8)(A). Since we see no other possible basis for excluding the days, and because the district court's statements of July 22 and its order of August 8 appear to be an attempt by the district court to engage in the "ends of justice" balancing, we will also assume section 3161(h)(8)(A) to have been the basis of the court's exclusion of the eighty-three days from March 24 to June 15, 1988 from its Speedy Trial Act calculations.

The issue before us, then, is whether the court's exclusion of these days pursuant to section 3161(h)(8)(A) met the procedural

---

**3.** These procedures are generally similar to the procedures followed under § 3161(c)(1) of the Act, which provides that a defendant be brought to trial within seventy days following his indictment or first appearance before a judicial officer, excepting certain enumerated delays and exclusions. Section 3161(e) does provide for an extension not available under § 3161(c)(1), namely that "the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the ac-

tion occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical." 18 U.S.C. § 3161(e). The district court, however, did not rely on this provision, and the United States does not contend it is at issue in this case. Our consideration of excludable time under the Speedy Trial Act in this case, therefore, involves the same considerations and exclusions at issue in a § 3161(c)(1) case.

and substantive requirements of the Act. Because we find the procedure utilized by the district court to be defective, we need not reach the issue of whether the reasons propounded by the district court would have justified an "ends of justice" continuance in this case.

In *United States v. Carrasquillo*, 667 F.2d 382 (3d Cir.1981), we found a violation of the Speedy Trial Act where "[t]he district court judge in this case did not grant any continuance prior to the expiration of the seventy-day period." *Id.* at 385. The government in that case argued that because the defendant's attorney had contacted a deputy clerk and informed him that he would be unavailable for a certain period, the deputy clerk's discussion with him could be viewed as granting a continuance under section 3161(h)(8)(A). We rejected this argument, and held that the judge must consider and grant a continuance *before* time may be excluded pursuant to section 3161(h)(8)(A). We stated:

> We believe that the period of delay involved in this case cannot fairly be said to be one "resulting from a continuance granted by" the district court, because the judge's characterization of the earlier action of the deputy clerk as constituting a continuance did not occur until after the statutory time limit had expired.

667 F.2d at 386.

In *United States v. Brooks*, 697 F.2d 517 (3d Cir.1982), *cert. denied*, 460 U.S. 1071, 1073, 103 S.Ct. 1526, 1531, 75 L.Ed.2d 949, 952 (1983), we were again faced with the issue of whether the district court's action was sufficient to constitute a "continuance" under section 3161(h)(8)(A). In *Brooks*, the district court excluded days following its signing of a preprinted form order granting a continuance pursuant to section 3161(h)(8)(A), on which it checked off certain general reasons supporting its grant of the continuance. Several months later (and following the excluded period), the district court explained in greater detail its reasons for granting the continuance.

We found that this procedure did not violate the Speedy Trial Act, because the district court had in fact granted a section

3161(h)(8)(A) continuance before the excluded period. We distinguished *Carrasquillo* as follows:

> The [*Carrasquillo* district court] granted a retroactive "ends of justice" continuance for the period during which the defense attorney's other appearances made him unavailable for the trial of Carrasquillo. This Court held that a judge could not grant an "ends of justice" continuance *nunc pro tunc*, providing after the fact justification for unauthorized delays. Rather, we declared, *the district judge must consider the matter at the outset and determine whether the "ends of justice" require that the trial be postponed.*
>
> Although the district court must decide initially whether to grant a continuance, we did not, in *Carrasquillo*, require that the reasons for the decision be entered on the record at the same time that the decision is made.

*Brooks*, 697 F.2d at 521–22 (emphasis added); *see also United States v. Rivera Constr. Co.*, 863 F.2d 293, 297 (3d Cir.1988) ("We explained in *United States v. Brooks*, 697 F.2d at 522, however, that while *Carrasquillo* requires the district court to decide to grant a continuance before the period begins to run, it does not require the court to put its reasons on the record at that time.").

In Brenna's case, the district judge did not order an ends of justice continuance before the seventy-day period expired. While the United States asserts that we can construe the district court's order of May 26, 1988 setting a date for trial as an "ends of justice" continuance, we find such a construction to be at odds with the letter and spirit of the Speedy Trial Act. As in *Carrasquillo*, the district court's characterization of its May 26 action as an "ends of justice" continuance did not occur until after the expiration of the statutory seventy-day time limit. The dangers of sanctioning such a procedure were outlined by the Court of Appeals for the Second Circuit when it addressed a case that was factually almost identical to the case before us today:

While we do not suggest that it occurred here, the procedure followed in this case does contain the risk that a district judge in a particular case may simply rationalize his action long after the fact, in order to cure an unwitting violation of the Act. Moreover, had the district judge in this case stated at the time he initially set the trial date, before the speedy trial clock had run, that he was granting an ends-of-justice continuance, the parties would have been on notice and the whole Speedy Trial Act problem might have been avoided.

*United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir.1985). *See also United States v. Janik*, 723 F.2d 537, 544–45 (7th Cir.1983) ("If the judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act until asked to dismiss the indictment for violation of the Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act.").

■ We continue to hold, as we stated in *Brooks*, that a district judge may detail his reasons for granting an ends of justice continuance some time after he enters the order granting such a continuance. We reaffirm, however, that an ends of justice continuance pursuant to section 3161(h)(8)(A) cannot be entered *nunc pro tunc*, and hold that in its order, the district court must, at a minimum, state that it is entering an "ends of justice" continuance or a continuance pursuant to section 3161(h)(8)(A). The order continuing the case must be entered *before* the days to be excluded.

■ The United States also argues that certain days in the period following the

mistrial are excludable because pre-trial motions were pending and therefore no speedy trial violation occurred. *See* 18 U.S.C. § 3161(h)(1)(F). We cannot agree. Fifty-seven non-excludable days elapsed during the period March 24 to May 19, a period during which no motions were pending in this case. The United States filed its motion to set a trial date on May 20, and that motion was decided by the district court's order of May 26. An additional fourteen non-excludable days then elapsed during the period from May 27 to June 9, before the government filed its motion for reconsideration of the court's May 26 order on June 10. Thus, even if we were to exclude the days during which these government motions were pending—and we do not decide here that such motions generate excludable time—seventy-one non-excludable days elapsed during the period March 24 to June 9, exceeding the seventy days allowable under the Act.[4]

### III.

The district court's order denying Brenna's motion to dismiss will be reversed, and the case will be remanded to the district court with the direction that it dismiss the information, either with or without prejudice, according to its findings under section 3162(a)(2) of the Act.[5]

---

4. We also do not reach Brenna's arguments concerning whether additional non-excludable days elapsed following June 10, 1988.

5. We emphasize that the parties offer a number of arguments on appeal concerning additional periods of time which they contend do, or do not generate excludable time. While we do not reach these arguments because we need not decide them in order to determine that there has been a violation, these arguments may have

some relevance when the district court considers whether to dismiss the information against Brenna with or without prejudice.

We also note that at oral argument, Brenna's counsel indicated that if the information is dismissed, the statute of limitations will have run on this offense. If this assertion is correct, any re-prosecution of Brenna would, of course, be barred, even if the information is dismissed without prejudice.