**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**ANSELMO E. WATTS, Defendant**

Criminal No. 2004-153

District Court of the Virgin Islands

Division of St. Croix

October 3, 2005

ANGELA TYSON-FLOYD, AUSA, *For the plaintiff.*

STEPHEN A. BRUSCH, ESQ., *For the defendant.*

GOMEZ, *Judge*

## AMENDED MEMORANDUM OPINION

(October 3, 2005)

For the third time in less than three months this Court has before it a motion to dismiss for violation of 18 U.S.C. §§ 3161-3174 (referred to herein as the "Speedy Trial Act" or "the Act").[1] According to the Motion to Dismiss filed by Defendant Anselmo Watts ("Watts"), his right to a speedy trial has been violated because more than seventy days have elapsed since indictment. For the reasons indicated below, this Court, as it did in the two other instances, will grant Watts' motion and once again dismiss a case for speedy trial violations.

---

[1]    In *United States v. Cruz-Feliz,* No. 2004-CR-118 (D.V.I. July 22, 2005), the delay for one defendant was 139 days in excess of the seventy-day limit, and in *United States v. Cain,* No. 2003-CR-33 (D.V.I. July 13, 2005), the delay was twelve days more than the seventy-day limit.

## I. Factual and Procedural History

On September 28, 2004, Watts was arrested when law enforcement agents discovered cocaine in his vehicle during a traffic stop. He appeared in court the next day and was advised of his rights in accordance with Federal Rule of Criminal Procedure 5. Approximately three weeks later, on October 21, 2004, Watts was indicted for possession with intent to distribute cocaine. At his arraignment on November 8, 2004, Watts requested a speedy trial. The matter initially was set for trial on December 20, 2004. However, as described below, there were a series of changes to that trial date.

Subsequent to a November 15, 2004, calendar call, an order changed the trial date to January 24, 2005. On December 17, 2004, the government moved to exclude from the speedy trial calculation "all time which has elapsed and which will elapse between November 15, 2004, and the date on which Defendant Watts files his Motion to Suppress Evidence ... ." (Pl.'s Mot. to Exclude Time at 1.) The Court granted this motion on December 22, 2004.

Subsequently, the defendant filed a Motion to Suppress Evidence on January 13, 2005. The Court denied that motion on February 10, 2005. While the motion to suppress was pending, a January 18, 2005, order changed the trial date to February 28, 2005.

On February 24, 2005, the defense moved for a continuance of the February 28, 2005, trial date. The Court granted the motion on the same day, ordering a continuance until further order of the Court. A March 15, 2005, order scheduled the trial for June 27, 2005. Thereafter, on April 15, 2005, an order rescheduled the trial for September 26, 2005. On September 20, 2005, Watts moved to dismiss the case on speedy trial grounds.

## II. Speedy Trial Act Calculations

The right to a speedy trial is protected by the Sixth Amendment and the Speedy Trial Act. The Speedy Trial Act "give[s] effect to the Sixth Amendment right to a speedy trial by setting specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Lattany*, 982 F.2d 866, 870-71 (3d Cir. 1992) (quoting *United States v. Rivera*, 863 F.2d 293, 295 (3d Cir. 1988)). The Speedy Trial Act requires that a defendant be brought to trial

within seventy days after an indictment or first court appearance, whichever comes later. 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within this time, and there are no delays excludable under 18 U.S.C. § 3161(h), the indictment or information must be dismissed. 18 U.S.C. § 3162(a)(2); *see also United States v. Hamilton*, 46 F.3d 271, 275, 31 V.I. 360 (3d Cir. 1995).

Subsection (h) of 18 U.S.C. § 3161 enumerates circumstances which merit the exclusion of time from the seventy-day limit. Pursuant to subsection (h), when a court makes a speedy trial calculation, it shall exclude, among other things:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> ...
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.
>
> ...
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge .... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161.

In the case at bar, the speedy trial clock started to run on October 22, 2004, the day after the government filed the indictment. The indictment was filed approximately three weeks after Watts' first appearance in court. *See, e.g., United States v. Anderson*, 902 F.2d 1105, 1108 n.1 (2d Cir. 1990) (noting that the day of indictment is not included when calculating the seventy-day limit in which the defendant must be brought to trial); *see also Government of Virgin Islands v. Duberry*, 923 F.2d

317, 320 n.8 (3d Cir. 1991) (excluding days on which triggering events occurred).

On November 8, 2004, seventeen days after the clock started, the defendant was arraigned. Because "both the date on which an event occurs or motion is filed and the date on which the court disposes of the motion are excluded," the speedy trial clock was tolled on that date. *Lattany*, 982 F.2d at 873 (citing *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984)). The clock resumed on November 9, 2004. The November 15, 2004, calendar call tolled the clock for one day.

In support of its December 17, 2004, motion to exclude time, the government argued that defense counsel "indicated that he would not object to the instant Motion from the government." (Pl.'s Mot. to Exclude Time at 2, Para. 5.) On December 22, 2004, the Court granted the government's motion noting that it was unopposed.[2]

Significantly, the Speedy Trial Act only permits excluding time from the calculation if the exclusion falls within one of the specific conditions articulated in section 3161(h) of the Act. The Act authorizes both mandatory and discretionary exclusions of time. Sections 3161(h)(1)-(7) of the Act generally address circumstances that *require* exclusion of time. *See, e.g., Lattany*, 982 F.2d at 873 (excluding time from the date when a pretrial motion was filed until it was granted). Section 3161(h)(1)-(8) outlines conditions under which the court *may* exercise its discretion to exclude time when a continuance is granted.

The *sine qua non* for the discretionary exclusion of time is a finding that the "ends of justice" will be served in so doing. *See e.g., United States v. Brenna*, 878 F.2d 117, 122 (3d Cir. 1989) (holding that "the district court must, at a minimum, state that it is entering an 'ends of justice' continuance or a continuance pursuant to section 3161(h)(8)(A)"

---

[2]    The December 22, 2004, order provides:

This Court, being fully advised in the premises and having considered the Motion filed by United States ... asking this Court to exclude from calculations of the speedy trial clock all that time which elapsed and which will elapse between November 15, 2004, and the date on which Defendant Watts files his Motion To Suppress Evidence and having learned that this Motion is not opposed,

It is Hereby ORDERED,

that the time between November 15, 2004, and the date on which Defendant Watts files his Motion to Suppress Evidence in the above captioned matter be excluded from the Speedy Trial calculus in this matter.

(Order, December 22, 2004.)

in order to exclude time from the speedy trial clock). The discretion afforded the Court is not unfettered, however. Section 3161(h)(8)(B) lists factors that judges *must* consider in granting such a continuance.[3] *See, e.g., Rivera*, 863 F.2d 293 (holding that under the totality of the circumstances, the Speedy Trial Act's requirements were met when the district court articulated on the record one of the factors listed in section 3161(h)(8)(B) as the reason to exclude time, such as a continuance to allow new counsel to adequately prepare for trial).

The factors listed in section 3161(h)(8)(B) that a judge may consider include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case, which taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[3]     The Speedy Trial Act recognizes another circumstance for excluding time in section 3161(h)(1)-(9). The facts in the present case do not warrant the application of section 3161(h)(1)-(9). As such, no further discussion is required.

While the December 22, 2004, order neither makes an "ends of justice" finding pursuant to section 3161(h)(8)(A), nor does it indicate that one of the factors given in section 3161(h)(8)(B) had been considered, the government concluded that the time period from November 15, 2004, through January 13, 2005, should be excluded from the speedy trial calculation.[4] That conclusion has no support in law and must be rejected.

█ The plain language of 18 U.S.C. § 3161 and the relevant case law require strict compliance with the Speedy Trial Act. Consistent with the act, at the time the order excluding time is issued, the court must determine whether the "ends of justice" will be served by the exclusion of time.[5] The rationale for such a timely determination is to avoid the appearance of *post hoc* rationalization. *See, e.g., Lattany*, 982 F.2d at 876 n.14; *Brenna*, 878 F.2d at 121 (quoting *United States v. Brooks*, 697 F.2d 517, 521-22 (3d Cir. 1982)). Thus, even if the government were to seek an appropriate "ends of justice" finding now, it would be too late. An "ends of justice" continuance pursuant to section 3161(h)(8)(A) cannot be entered *nunc pro tunc. Brenna*, 878 F.2d at 122; *see also Brooks*, 697 F.2d at 521-22.

Accordingly, the time that the December 22, 2004, order indicated was excludable cannot properly be excluded from the speedy trial calculations. The speedy trial clock continued from November 9, 2004, until November 14, 2004, when the calendar call on November 15, 2004, tolled the clock. The clock resumed on November 16, 2004, and ran until

---

[4]  In the absence of any evidence that the government requested an "ends of justice finding," the government bases its conclusion simply on the December 22, 2004, order. In doing so, the government fails to recognize that the circumstances that triggered the exclusion of time between November 15, 2004, and January 13, 2005, do not fall within one of reasons for exclusion provided in section 3161(h)(1)-(7). Section 3161(h)(8) similarly provides no haven for the government as it requires that an "ends of justice" finding be made. None was made, nor is it at all clear how excluding this time could be in the interest of justice.

[5]  It is worth noting that even where such a finding is made, it is axiomatic that a Court cannot simply rubber-stamp a government motion for a continuance and exclusion of time by simply making an "ends of justice" finding. *See, e.g., United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998) (holding that a district court abused its discretion when it concluded that the interests of justice would best be served by excluding time and continuing a trial so that the government's counsel could have more time to prepare for trial).

December 16, 2004, adding thirty-seven days to the previous seventeen days, creating a total of fifty-four non-excludable days since indictment.

Under section 3161(h)(1)(F), the December 17, 2004, motion stopped the clock until the disposition of the motion on December 22, 2004, when the Court granted the motion. The clock resumed on December 23, 2004, with fifty-four days already expired and continued until January 13, 2005, when Watts filed a motion to suppress. By that time, however, the Speedy Trial Act had been violated as twenty-one days passed from December 23, 2004, through January 12, 2005, yielding a total of seventy-five days of non-excludable time. Accordingly, the Speedy Trial Act would appear to require dismissal.

Indeed, even if this Court were to accept the government's assertion that by February 24, 2005, only thirty-six non-excludable days had passed since the indictment, dismissal would seem to be required. The speedy trial clock would be tolled on that date with the filing of the defendant's motion to continue. However, on that same day, the Court granted the motion to continue and ordered the trial continued "until further order of the Court." (Order, February 24, 2005.)

There was no finding that the "ends of justice" would be served by such a continuance, nor was there any indication that the reason for the continuance fell within one of the conditions contemplated in section 3161(h)(8)(B). Thus, under the Speedy Trial Act, when the continuance was granted on February 24, 2005, it resolved the February 24, 2005, pre-trial motion, but it did not exclude any time other than February 24, 2005. The clock restarted on February 25, 2005.

The September 20, 2005, Motion to Dismiss was the only motion filed since February 24, 2005. Four calendar calls were held during that period, however, tolling the clock for one day each on March 15, 2005, April 15, 2005, May 13, 2005, and June 15, 2005. As such, 203 days between February 24, 2005, and September 20, 2005, do not constitute excludable delay as contemplated by the Act. Thus, even if the government's assertion were correct, a total of 239 non-excludable days of delay would have elapsed since Watts' indictment.

▮The more accurate speedy trial calculation that this Court adopts indicates that 291 non-excludable days have elapsed since indictment. Because that delay clearly exceeds the seventy-day period within which a trial must commence, this Court must, as the Speedy Trial Act requires

and the government concedes, dismiss the indictment. 18 U.S.C. § 3162(a)(2).

## III. Dismissal Under 18 U.S.C. § 3162

■ The only remaining issue is whether the indictment should be dismissed with or without prejudice. The Speedy Trial Act does not favor either choice. *United States v. Taylor*, 487 U.S. 326, 334-35, 101 L. Ed. 2d 297, 108 S. Ct. 2413 (1988). In deciding whether to dismiss with or without prejudice, the Court considers the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2); *Government of Virgin Islands v. Bryan*, 818 F.2d 1069, 1076 (3d Cir. 1987). The Court must also examine whether the delay resulted in prejudice to the defendant. *Taylor*, 487 U.S. at 333-34.

■ "When the crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay." *United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995); *see United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987); *United States v. Carreon*, 626 F.2d 528, 533 (7th Cir. 1980). Indeed, "the graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *United States v. Barnes*, 159 F.3d 4, 16 (1st Cir. 1998) (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)).

■ Watts is charged with possession with intent to distribute one kilogram of cocaine. If convicted of that charge, Watts is subject to a possible sentence of imprisonment ranging from five to forty years. 21 U.S.C. § 841. That level of imprisonment provides sufficient basis to treat the crime with which he is charged as serious. *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987) (finding that a possible sentence of ten years is sufficient indication that offense is serious); *United States v. Salgado-Hernandez*, 790 F.2d 1265, 1268 (5th Cir. 1986) (mentioning that the Seventh Circuit has held that offense punishable by five years imprisonment is serious for purposes of Speedy Trial Act).

Regarding the facts and circumstances causing the delay, the government bears the initial burden of explaining why the violation

occurred. *May*, 819 F.2d at 533. Here, the government states the delay is not fairly attributable to misfeasance or malfeasance on the part of the government.[6] That view tends to comport with the record, which indicates that with the exception of the December 17, 2004, motion, the government made no other attempts to delay the trial.

Factors that the Court considers in determining whether reprosecution would be adverse to the administration of justice are the length of the delay, any prejudice to the defendant's trial preparation, and the restrictions on the defendant's liberty as a result of the speedy trial violation. *See Taylor*, 487 U.S. at 341. The length of the non-excludable delay in this case is 291, which is 221 days in excess of the seventy-day limit.

The length of this delay is troubling and, at first blush, might suggest actual prejudice. *Compare Barnes*, 159 F.3d at 18 (dismissing without prejudice because actual prejudice not shown when seventy-day limit exceeded by 191 days), and *Cardona-Rivera*, 64 F.3d at 364 (finding that sixty-one days is a significant delay, but not so substantial as to require dismissal with prejudice regardless of other circumstances), *with United States v. Stayton*, 791 F.2d 17, 21 (2d Cir. 1986) (holding that a twenty-three month delay was sufficient to favor dismissal with prejudice even when the crime was quite serious). However, there has been no showing that the defendants would be unfairly prejudiced by reprosecution.

---

[6]     While not fatal to their argument for a dismissal without prejudice, this is not entirely accurate. Indeed, in an oblique effort to demonstrate its diligence to prosecute this case the government asserts that "it is curious that the Government's counsel would not have brought to the court's attention that setting the trial date for June 27, 2005, would result in a speedy trial violation." (Response to Mot. To Dismiss for Speedy Trial Violation, at 4-5.) This Court finds it even more curious, and of questionable motive, that the government would move for a continuance, as it did on December 17, 2004, for the defendant's benefit while the defendant made no such effort.

Even if the motivation for the government's motion was the defendant's mention of an intent to file a motion to continue, the mere mention of a current intention to file a motion normally would not drive a prosecutor to file a motion for a defendant. Moreover, it would not warrant stopping the clock for an indeterminate period of time. The Speedy Trial Act clearly states in section 3161(h)(1)(F) that delay from pre-trial motions only tolls the clock from the *filing* of the motion. If the defendant changed his mind about filing the motion in this case, then the speedy trial clock would have been tolled indefinitely absent further order of the Court. There is no evidence on the face of the Speedy Trial Act that Congress ever intended such a consequence. This Court will not adopt such an interpretation now.

Finally, "[s]ince the government was not culpable in the delay, dismissal with prejudice would do little to deter or advance the administration of the Act." *Cardona-Rivera*, 64 F.3d at 364; *see also id.* (noting that "[i]n cases where the government ... does not regularly disregard the time limits of the Act, dismissal with prejudice is not favored").

## IV. Conclusion

■ Because the charges are serious, the delay is not substantial, the Government did not act in bad faith, and the defendant has not been prejudiced or otherwise harmed, on balance, the public's interest in the administration of justice calls for reprosecution. *See May*, 819 F.2d at 535. Accordingly, the dismissal of the indictment for the speedy trial violation is without prejudice.