BYE, Circuit Judge,
dissenting.
Under the Speedy Trial Act (“the Act”), “[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness” is excluded from the seventy-day time limit. 18 U.S.C. § 3161(h)(3)(A). In Jackie Porchay’s case, the district court excluded time pursuant to § 3161(h)(3)(A) without a single mention by the government of the identity of its witnesses, why they were essential, or whether they were, in fact, unavailable. Due to the government’s failure to meet its burden of proof by demonstrating its essential witnesses were unavailable, as well as its failure to even move for a continuance under § 3161(h)(3), I would conclude Porchay’s rights under the Act were violated. I therefore dissent.
Under the Act, if the defendant is not brought to trial within seventy days from the later of the indictment or the first appearance, 18 U.S.C. § 3161(c)(1), the indictment must be dismissed on the defendant’s motion. United States v. Suarez-Perez, 484 F.3d 537, 540 (8th Cir.2007). *944 However, certain “periods of delay” are excluded from the time computation, including any period resulting from the unavailability of an essential witness. 18 U.S.C. § 3161(h)(3)(A). While the defendant ordinarily bears the burden of proof to show her rights under the Act have been violated, United States v. Williams, 605 F.3d 556, 572 (8th Cir.2010), the government bears the burden of proof with regard to exclusions for procuring essential witnesses under § 3161(h)(3). United States v. Elmardoudi, 501 F.3d 935, 941 n. 6 (8th Cir.2007).
In the instant matter, after the first mistrial occurred on November 26, 2008, the district court desired to retry the matter on December 9, 2008. Believing it was impossible to be ready for trial on that date, the government moved to continue the trial. The government’s motion for a continuance stated, in its entirety:
This matter is currently set for re-trial on Tuesday, December 9, 2008.
The United States respectfully requests that the trial be continued on the grounds that it is physically impossible for the United States to be ready for trial on that date due to the number and location of witnesses, some of whom live out of state, which the government would have to serve with subpoenas to compel attendance. Further, the Marshal’s [sic] require three weeks notice to obtain the attendance of witnesses who are incarcerated and it would plainly be impossible to provide such notice given the current trial date. And finally, the parties do not have a copy of the trial transcript.
Because of time constraints, the Assistant United States Attorney has not [had] time to contact the defendant’s attorney to see if he opposes the continuance or not. Therefore, for good cause shown, the United States respectfully requests that its Motion for Continuance be granted and that the time be excluded for purposes of the Speedy Trial Act.
Porchay filed an extensive response in opposition to the government’s motion, challenging each of the government’s asserted bases for its motion. Despite Porchay’s various objections, the government failed to file a reply brief providing any more information to support its motion.
On December 8, 2008, without holding an evidentiary hearing on the matter, the district court granted the government’s motion, stating:
According to the Prosecution’s motion, essential witnesses, who are incarcerated in the Bureau of Prisons, cannot be made available by the trial date because the U.S. Marshal requires three weeks to produce incarcerated witnesses. For good cause shown, the motion is GRANTED. Accordingly, this case is removed from the Court’s current trial docket of December 9, 2008, and is rescheduled to begin Tuesday, May 12, 2009, at 9:00 a.m.
In its order, the court also noted the delay resulting from the continuance would be excluded from the speedy trial calculation pursuant to § 3161(h)(3)(A).
Porchay contends the court erred by granting the government’s motion for continuance because the government failed to identify any witnesses it claimed were unavailable, the witnesses’ locations, or why it could not produce the witnesses for trial. In effect, Porchay argues the government failed to demonstrate its witnesses were essential, and thus the court should have denied the continuance or included the resulting 155-day delay in the speedy trial calculation and dismissed the case.
I agree. While the Act does not define who constitutes an “essential witness,” this *945 court has held “[wjhere a witness is unquestionably important, and the government has a good faith belief that it will use that witness’s testimony at trial, that witness may be deemed ‘essential’ for purposes of the Speedy Trial Act.” United States v. Eagle Hawk, 815 F.2d 1213, 1218 (8th Cir.1987). On the other hand, if “the witness’s anticipated testimony will be merely cumulative, or substantially irrelevant, that witness should be deemed nonessential.” Id. In this case, the district court simply had no information with which to make the determination alluded to in Eagle Hawk as to whether the government’s witnesses were essential. In its motion before the district court, the government failed to identify a single witness, much less allege why any witness was essential. Cf. United States v. Saeku, No. 08-4949, — Fed.Appx. -, -, 2011 WL 1594918, at *7 (4th Cir. April 28, 2011) (per curiam) (concluding the government showed its witnesses were essential because “the descriptions of anticipated testimony in the continuance motion were sufficiently detailed — the motion precisely (if briefly) described the anticipated testimony of both witnesses and how that evidence related to the charges”). In fact, the word “essential” did not even appear in the government’s motion, which is not surprising given the government’s concession it was unaware of the existence of the essential witness exclusion. Similarly, although the government blindly invoked the Marshals’ advance notice requirement, it neglected to mention the location of its witnesses or whether the Marshals had transferred the incarcerated individuals back to their original facilities after the mistrial. See 18 U.S.C. § 3161(h)(3)(B) (“[A]n essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.”). Thus, the district court also had before it no information with which to make a determination as to the witnesses’ availability.
In the face of these obvious shortcomings in the government’s motion, the majority focuses primarily on two tangential procedural aspects. First, the majority places great weight on the absence of any requirement placed upon the district court to make detailed findings when ruling on a § 3161(h)(3) exclusion. While it is certainly true a district court need not make detailed findings in granting a § 3161(h)(3) exclusion, United States v. Carrillo, 230 F.3d 1364, 2000 WL 1341531, at *1 (8th Cir.2000) (per curiam), this is a red herring to the central issue of whether the government met its burden of proof in moving for the continuance. Namely, regardless of whether the district court was required to make detailed factual findings, it still had to have a basis to exclude time under § 3161(h)(3). Given the absence of the requisite information in the government’s motion and the lack of a hearing on the matter, it is difficult to conceptualize how the district court made such a determination.
Second, the majority cites two witnesses the government alleged were essential in the government’s April 30, 2009, response to Porchay’s motion to dismiss. The majority also goes into some detail about the importance of one of these witnesses in particular, Frederick Coleman. As an initial matter, I disagree with the majority’s efforts to address Coleman’s value to the government’s case because it was within the district court’s province to make such a determination. See United States v. Holler, 956 F.2d 1408, 1413 (7th Cir.1992) (“The determination of preliminary questions, such as the unavailability of a witness, is normally determined by the district judge in the exercise of his or her *946 discretion.”); Saeku, — Fed.Appx. at -, 2011 WL 1594918, at *7 (“Whether a witness is essential is a quintessential question of fact”) (internal quotation marks and citation omitted). More importantly, I would conclude the government acted too little and too late in identifying and explaining the essential nature of its witnesses for the first time in its response on April 30, 2009 — which was long after the seventy-day limit had passed. As the district court had already granted the continuance on December 8, 2008, the information presented by the government four months later is irrelevant.
In sum, the government failed to present any evidence demonstrating who its witnesses were, why they were essential, or what efforts it had undertaken in order to secure their presence for trial. I would thus conclude the district court erred by excluding time pursuant to § 3161(h)(3). See United States v. McNeil, 911 F.2d 768, 773 (D.C.Cir.1990) (per curiam) (“[T]he court, when it granted the Government’s motion for a continuance, had no information whatsoever upon which to make a reasoned decision.”). Moreover, the government’s conclusory statement regarding the Marshals’ advance notice requirement did not, standing alone, provide the court with a basis upon which to grant a continuance under § 3161(h)(3). Compare United States v. Burrell, 634 F.3d 284, 292 (5th Cir.2011) (per curiam) (concluding the essential witness exclusion could not apply where the government failed to present any evidence showing its witness’s presence could not be obtained through reasonable efforts) and United States v. Ferguson, 574 F.Supp.2d 111, 115 (D.D.C.2008) (concluding an exclusion of time under § 3161(h)(3) was not warranted where the government failed to present any evidence to support its claim the Marshals were unable to transport two of its witnesses in time for trial) with United States v. Patterson, 277 F.3d 709, 711-12 (4th Cir.2002) (holding the district court did not err in granting a continuance where the government presented testimony from a Deputy Marshal describing the hardship it would work on the agency).
After concluding the district court violated Porchay’s rights under the Act, I would proceed to consider the proper sanction. Under the Act, dismissal of the indictment is mandatory upon the defendant’s motion. See 18 U.S.C. § 3162(a)(2) (“If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.”). “Although the Act mandates a dismissal of the indictment, the trial court retains discretion as to whether the dismissal should be with or without prejudice.” United States v. Dezeler, 81 F.3d 86, 89 (8th Cir.1996); see also Zedner v. United States, 547 U.S. 489, 499, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (“[T]he district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice.”). Accordingly, I would remand to the district court to determine whether to dismiss the indictment with or without prejudice.
Based on the violation of Porchay’s speedy trial rights, I respectfully dissent from the majority’s decision to affirm the district court’s denial of Porchay’s motion to dismiss. Because I would reverse Porchay’s convictions, vacate her sentence, and remand to the district court with instructions to dismiss the indictment and to determine whether the dismissal is with or without prejudice, I express no opinion regarding Porchay’s other arguments on appeal.